## AMERICAN UNITED LIFE INS. CO. v. LUCKMAN et al.

### No. 1195–RJ.

District Court, S. D. California, C. D.
Oct. 22, 1937.

Carlos S. Hardy, of Los Angeles, Cal., for interpleader,

A. L. Oster, of Los Angeles, Cal., for defendants.

NETERER, District Judge.

Interpleader was filed under section 41, subdivision (26), title 28 U.S.C.A., by the complainant, claiming to be the holder of a fund due under a certificate of life insurance issued upon the life of one Webber (designated beneficiary being Francis George Newing); that before the fund was paid to the beneficiary designated, Francis George Newing died; that suit was begun in the state court by the two first-named defendants to recover this fund, and court action threatened by the other defendants; and that the claimant states it was unable to determine to whom the fund was lawfully due, and has presented the fund to this court for distribution to the rightful claimant. Process was duly issued, and all of the above persons named in the bill of interpleader served. All defaulted, and default was duly entered, except as to Emily Luckman and Mary Ann Stiles.

The only issues for the court to determine are the taxation of costs and the allowance of attorney's fees to the interpleader.

■ While the statement is made in the bill of interpleader that Emily Luckman and Mary Ann Stiles have prosecuted an action in the state court upon the certificate of insurance, claiming to be the beneficiaries of the fund, and the other claimants are threatening so to do, there is no allegation as to the basis for the claim made by these claimants or the diversity of interest claimed in the fund. Nor is any proof offered upon this hearing as to such claim made, or the basis upon which the same is predicated. Interpleader is allowed not as a matter of course with costs to the interpleader against parties made adverse in the bill of interpleader, but in good conscience it must appear that before the fund may be taxed with costs that at least colorable claim must appear; that there is some ground or color of right as a basis for claim before any costs may follow.

Trustees of International Improvement Fund v. Greenough, 105 U.S. 527, 26 L.Ed. 1157, is always cited as a basis for allowance of attorney's fees. This case, however, is not a criterion for the issue in this case. In the Greenough Case, a trust fund was being dissipated by the trustee, or the estate for lack of care did depreciate. Funds were being lost or in danger of loss, and an interested party was permitted to interplead and recovered properties, saved funds, and greatly benefited the estate by accretions of value thereto. Large expenses were entailed in attorney's fees, travel, maintenance, etc., and the allowance of these by the trial court was affirmed by the Supreme Court. Likewise, the case of Thomas Kay Woolen Mill Co. v. Sprague et al. (D.C.) 259 F. 338. The stocks held by the Woolen Mill were within the jurisdiction of the District Court of Oregon. The owner of the stocks died in St. Louis, Mo. He left a will devising his property. The will was probated in Oregon under special statute of Oregon. The will was likewise probated in St. Louis, Mo., the place of the death of the testator, where general jurisdiction obtained. This Court made orders with relation to the stock. The Oregon court likewise made disposition to satisfy claims of local creditors, and payment of overplus to the general executor in Missouri. Suit was brought against the Woolen Mills Company by claimant by order of the Oregon courts to compel issuance of stock to the suitor. The company filed interpleader in the United States District Court of Oregon, disclaiming any interest in the stock, and asking that issue between the several claimants be adjudicated. The parties appeared and litigated their several claims.

■ The Circuit Court of Appeals in this circuit likewise, in Massachusetts Mutual Life Ins. Co. v. Morris, 61 F.(2d) 104, reversed a disallowance of counsel fees to be paid out with insurance fund, but in that case there was clearly a dispute apparent upon the record. Assignment of the insurance policy and repudiation of the assignment, and the intervener was clearly at a loss to know to whom payment should be made. In view of these claims, the Circuit Court of Appeals held that reasonable attorney's fees should be allowed. It may also be said that in Allen v. Hudson (C.C.A.) 35 F.(2d) 330, which involved an insurance policy of which the partnership was a beneficiary, the premiums were paid out of the partnership funds. The interests in the partnership were 55 and 45 per cent., respectively. One of the partners succeeded to the business for a cash consideration. The other partner endeavored to secure the cash value of one of the policies, claiming it did not pass with the partnership interest. The insurance company filed interpleader. Louisiana State Lottery Co. v. Clark (C.C.) 16 F. 20, involved a lottery ticket in which two persons claimed interest; one the whole interest, and the other a one-half interest. The lottery company filed interpleader. Mutual Life Ins. Co. et al. v. Lane et al. (C. C.) 151 F. 276, was a controversy between executors of a will and assignee of an insurance policy. Mutual Life Ins. Co. et al. v. Farmers & Mechanics' National Bank et al. (C.C.) 173 F. 390, involved claims between creditors, heirs, beneficiaries, etc., on insurance fund. In all of these cases it is apparent that actual controversies and inconsistent claims did appear, and the interpleaders in the several cases could not in equity and good conscience be required to assume the risk of multiplicity of suits and erroneous election. In the instant case, no such claims appear. In the petition of interpleader, it clearly appears that Francis George Newing, beneficiary, died before the benefit was paid to him. Under subdivisions (b) and (c) of section 540 of the controlling provisions of the policy, the benefits were payable to Emily Luckman and Mary Ann Stiles, being the sole heirs at law and next of kin of the deceased beneficiary at the time of the death of

41

Robert Webber, and, as such, are the sole beneficiaries, and are entitled to the proceeds of the insurance policy, share and share alike. There was in fact no doubt as to the beneficiaries.

It should also be said that, while interpleader was not warranted, it could have been made in the state court action where the costs of action had been entailed. All these parties could have been brought into the state court action, deposit made of the fund, and the complainant been fully released by provision of section 386, Code of Civil Procedure of California.

This court having jurisdiction of the fund, it is ordered that said fund be paid to Emily Luckman and Mary Ann Stiles, share and share alike; that plaintiff be released and discharged from all further liability; that no costs nor attorney's fee be taxed to this fund, nor against any of the defendants.