## CENTURY INS. CO., Limited, v. FIRST NAT. BANK OF HUGHES SPRINGS, TEX., et al.*

## FIRST NAT. BANK OF HUGHES SPRINGS, TEX., et al. v. CENTURY INS. CO., Limited.
### No. 8956.

Circuit Court of Appeals, Fifth Circuit.
March 21, 1939.

*Rehearing denied April 27, 1939.

Albert P. Jones and G. G. Gannon, both of Houston, Tex., for appellant.

Hugh Carney, of Atlanta, Tex., Austin Y. Bryan, Jr., of Houston Tex., and O. D. McReynolds, of Sherman, Tex., for appellees.

Before SIBLEY, HOLMES, and McCORD, Circuit Judges.

HOLMES, Circuit Judge.

This action was instituted against appellant, in the state court, by the First National Bank of Hughes Springs, to recover a portion of the proceeds of an insurance policy issued to the A. E. Hervey Bonded Warehouse. The policy covered about 4000 bales of cotton which were destroyed by fire on the morning of October 7, 1937. The case having been removed to the federal court, the appellant filed its an-

swer and plea in the nature of a bill of interpleader, admitting liability in the sum of $123,201.75, which sum was tendered into court, and which, disregarding the endorsement hereinafter mentioned, represented the face of the policy, $125,000, less the amount of unpaid premiums.

The interpleader·was in the nature of a class suit in which the plaintiff, First National Bank of Hughes Springs, and a number of other parties, were made cross-defendants, as representatives of the owners and holders of warehouse receipts issued by Hervey upon cotton stored in the warehouse. The owners and holders of the receipts intervened, and claimed that the policy of insurance provided a limit of $175,000, which was $50,000 more than the amount admitted by the appellant. The total damage to the cotton was agreed to be $150,000.

On November 3, 1937, A. E. Hervey, who operated the warehouse as an individual, filed a voluntary petition in bankruptcy, and was duly adjudged a bankrupt. C. D. Pierce was appointed trustee in bankruptcy of this estate, and became a party defendant to the bill of interpleader, contending that he was entitled to recover the entire proceeds of the policy, and that the fund should be administered in the bankruptcy court. The other cross-defendants sought payments directly to themselves, so as to avoid the expense of an administration in bankruptcy. A general verdict was rendered against appellant, and a judgment entered thereon in favor of the trustee in bankruptcy for the full amount claimed. In addition, the trustee was awarded the fund tendered into court by appellant; and the holders of the warehouse receipts were denied any recovery in their individual capacity.

■ We think the judgment should be reversed and the verdict set aside, as the appellant tendered into court the full amount due by it upon the policy. The issue as to the amount of the policy turns upon the authority of the soliciting agent to bind the company by executing an endorsement, on the day before the fire, which increased the insurance from $125,000 to $175,000. This policy was known to the trade as brokerage business, which means that it emanated from an agent not representing the company in which it was written. Viewing the facts in evidence most favor-

ably to the appellees, we are convinced that the soliciting agent did not have the authority, either real or apparent, to execute the endorsement. As the Texas decisions control, it will suffice for us to cite the case of Home Ins. Co. v. Lake Dallas Gin Co., 127 Tex. 479, 93 S.W.2d 388, which announces the rule in Texas applicable to this branch of the case before us.

[5,■ We think the court erred in denying the claims of cross-appellants with respect to the interpleader. It was interposed in the answer in an action at law, as an equitable defense, under authority of Section 274b of the Judicial Code, 28 U.S. C.A. § 398. In such case the defendant was entitled to the same rights and remedies as if it had filed a separate bill seeking the equitable relief prayed for in its answer. The decree under review was entered before the new rules took effect, and we are deciding the case without applying them, but, on its remand to the district court for further proceedings, the liberal provisions under rule 22, 28 U.S.C.A. following section 723c, for relief by interpleader will be applicable. Texas v. Florida, et al., March 13, 1939, 59 S.Ct. 563, 83 L.Ed. ——.

As to the money paid into court by the insurance company, we agree with the cross-appellants that they should not be required to bear any burden of bankruptcy costs. Hervey was an individual operating a bonded warehouse which was approved for storage of what is commonly known as government-loan cotton. All of this cotton was represented by outstanding warehouse receipts issued by A. E. Hervey, who was required to carry insurance for the benefit of the holders of such receipts. The policy in question was procured accordingly. Warehouse charges of 25 cents per bale per month (15 cents per bale of which was for insurance) had accrued against the cotton. The contract of insurance was in the name of the bailee, but it was for the benefit of the bailors, and expressly covered cotton in storage for the customers of the warehouse.

■ After the fire had occurred, the bailor was adjudged a bankrupt; but the interest of the bailors in the proceeds of the insurance· did not pass to the trustee in bankruptcy. Only the claim of the bailee for charges as warehouseman so passed, and equity will treat the lien for such

charges as transferred from the cotton which was destroyed to the proceeds of insurance deposited in court. To this extent only, the trustee was entitled to enforce his claim for charges which had accrued to the warehouseman at the time of the fire.

It is true that in an action at law Hervey, under a provision of the policy, was the sole plaintiff entitled to recover on the insurance contract, but his insolvency intervening after the fire, created a condition which entitled the certificate holders to equitable relief. If Hervey had been adjudicated a bankrupt before the fire, it is clear that the cotton would not have passed to the trustee in bankruptcy, although the latter would have acquired the lien thereon for warehouse charges. If the trustee had taken possession of the cotton, the bankruptcy court should have granted a petition of the certificate holders for reclamation upon payment by them of such charges. After the fire, they were entitled to the proceeds of the insurance less charges. If they have not already done so, they are now entitled to reclaim from the trustee in bankruptcy their equitable portion of the fund which has come into his hands.

By appellant's equitable plea and the process issued thereon, the court below obtained full jurisdiction of the parties and the subject matter. Equity does not do things by halves, but grants complete relief, when it has jurisdiction. With the money in court and the parties before it, equity should make distribution directly to the real owners of the fund, especially when it can do so without extra costs. It should pay to the trustee in bankruptcy only the amount legally and equitably owing to the bankrupt.

We think the district court properly refused to allow attorney's fees to the appellant for filing a bill of interpleader, as it was not a mere stakeholder, but had a substantial controversy with the appellee and cross-appellants. The equitable plea was only in the nature of a bill of interpleader, and filed by way of defense to a real controversy at law. Cf. Groves v. Sentell, 153 U.S. 465, 14 S.Ct. 898, 38 L. Ed. 785. See, also, Pacific Mut. Life Ins. Co. v. Lusk, D.C., 46 F.2d 505; John Hancock Mut. Life Ins. Co. v. Kegan, D.C., 22 F. Supp. 326.

The decree appealed from is reversed, both on direct and cross-appeal, and the cause is remanded to the district court for further proceedings not inconsistent with this opinion.