**JOHN HANCOCK MUT. LIFE INS. CO. v. SYKES et al.**

**Civ. No. 1397.**

United States District Court,
E. D. Virginia, Norfolk Division.

June 24, 1952.

announced that an agreement had been reached and that Robert Ashley Brown was withdrawing or releasing his claim in favor of the Virginia Administrators.

In the meantime Susan Jones Brown, an infant, had been made a party defendant and this Court, by the order of Judge Bryan, had appointed W. L. Devany, Jr. as guardian ad litem. The defendant Jacqueline Brown filed an answer disclaiming any interest in the interpleader fund. The case was then presented on the adverse claims of the Virginia Administrators and the guardian ad litem of Susan Jones Brown.

The fund in dispute is the proceeds of Edward Jennings Brown's interest in a group insurance policy issued by the plaintiff to the trustees of the Marine Engineers' Beneficial Association. The decedent Brown, as a member of such association, was issued a certificate by the plaintiff which, in effect, insured his life in the sum of $5,000. The plaintiff admitted that Edward Jennings Brown had met his death as the result of an accident and that it was obligated to pay $5,000 to the party entitled to the proceeds by the certificate of insurance. The plaintiff paid the $5,000 into this Court with the usual prayer.

The question now is, should the fund be paid to the Administrators or to the guardian of Susan Jones Brown, who, it is agreed, is the only known issue of the decedent, being the infant daughter of Edward Jennings Brown and Jacqueline Brown, who had been divorced prior to the death of the insured? The policy of insurance was delivered in New York to a New York association and is governed by the laws of that jurisdiction. The following clause in the policy states to whom the proceeds should be paid:

"In the event of the death of the beneficiary or beneficiaries last named by the employee prior to that of the employee, or if no beneficiary shall have been named, the life insurance or the commuted value of any remaining installments thereof payable as herein provided, as the case may be, shall be paid to the executors or administrators of the employee, except that the com-

Willcox, Cooke & Willcox, Norfolk, Va., for plaintiff.

Jett, Sykes & Howell, Norfolk, Va., for Roy L. Sykes and Betty Windham.

W. L. Devany, Jr., Norfolk, Va., for Mrs. Jacqueline Brown.

WILKIN, District Judge (sitting by designation).

The plaintiff filed an interpleader because of the adverse claims of the North Carolina and Virginia Administrators to the fund which it held. Roy L. Sykes and Betty Brown Windham had been issued Letters of Administration on the Estate of Edward Jennings Brown by a Virginia court and Robert Ashley Brown had been issued Letters of Administration by a North Carolina court. When the case came on for trial counsel for the Administrators

118

pany may in such case, at its option, pay such insurance to such employee's wife or husband if living; if not living, to the children, of such employee, equally; if none survive, to either the father or mother of such employee, or to both equally if both survive."

That statement is known as The Facility of Payment Clause. During the hearing the Court asked counsel for plaintiff whether plaintiff was now willing to exercise its option and pay the fund to the guardian of the minor as the only living child of the insured. Counsel asked time to communicate with his client and later filed in the case the following telegram:

"Re Brown Believe by interpleader company waived right to elect child but subject to proper final order protecting company against claims of administrators and of any other children company willing to pay legal guardian of estate of Susan J. Brown—Harold J. Taylor, John Hancock Life Ins. Co."

Counsel for the Administrators contended that the company's option to make such payment had been waived when it filed the interpleader. They cited numerous cases wherein courts had stated that by filing an interpleader the insurer had waived its right to pay under the Facility of Payment clause.

■ This Court is not in disagreement with the holdings of such courts in those cases. This Court is of the opinion, however, that the interpleader bars the right of the insurer on its own motion to make such payment, but does not bar such action if made at the instance or request of the court. The waiver is in favor of the Court and releases all right of the insurer to the Court. By and with the consent of the Court the payment can still be made under the Facility of Payment clause. The terms of the policy provide for such payment and if such payment is made there is no one who can legally oppose.

■ If the interpleader should be construed as an absolute waiver of all right to distribute in accordance with the Facility of Payment clause, even with the consent of the Court, then the question would be, To whom should the money be paid under the policy as construed under the applicable law? Counsel for the Administrators relied upon the words of the policy to the effect that the insurance "shall be paid to the executors or administrators of the employee". Counsel for the guardian relied upon the law of New York and the law of Virginia which exempts such insurance funds from the claims of the decedent's estate and provides that they shall be paid to the beneficiary as against creditors and personal representatives. He cited the New York Insurance law, Paragraph 166, Article 7, McK.Consol.Laws, c. 28, and the Code of Virginia (1950), Paragraph 38–432. Numerous cases were cited which construed the New York law in accordance with the contention of counsel for the guardian.

In view of those authorities this Court concludes, as was stated in the case of New York Life Insurance Company v. Valz, 5 Cir., 141 F.2d 1014, 1015, Paragraph 115, "the administrator of an estate has no right nor power to receive and administer the proceeds of such policies".

■ The purpose of such group insurance policies and the intent of the law governing such policies, both in New York and in Virginia, are to protect the dependents of the insured. It was admitted that the only known child of the decedent is Susan Jones Brown and that ultimately the proceeds of the insurance should go to her. This Court (Bryan, J.) has held that Susan Jones Brown is the sole heir of Edward Jennings Brown, Roy L. Sykes and Betty Brown Windham, Administrators of the estate of Brown v. Philadelphia & Norfolk Steamship Company, and Southern Trading Company, No. 7472.[1] There is no valid reason why the insurance money should pass through the administrators of the decedent's estate. It is manifestly right and just that the interpleader fund should be paid direct to the guardian of the infant. Any other order would be contrary to the

1. No opinion for publication.

intent of the policy and the express terms of the law.

A decree releasing the plaintiff from further liability has been signed. A decree in accordance with this opinion may be drafted by the guardian ad litem.