UNITED STATES of America, for the Use and Benefit of GENERAL ELECTRIC COMPANY, Plaintiff,

v.

BROWNE ELECTRIC COMPANY and Standard Accident Insurance Company, Defendants.

No. 696.

United States District Court
E. D. Virginia,
Newport News Division.

Jan. 7, 1959.

Vandeventer, Black & Meredith, Charles F. Tucker, Norfolk, Va., for plaintiff.

Willcox, Cooke, Savage & Lawrence, Thos. H. Willcox, Jr., Norfolk, Va., for defendants.

WALTER E. HOFFMAN, District Judge.

In this proceeding under the Miller Act, 40 U.S.C.A. §§ 270a–270d, the sole question for determination is the propriety of allowing counsel fees and costs to the defendant bonding company. Under the facts of this case the Court is of the opinion that the bonding company must pay these costs.

The payment bond in the sum of $3,460 was executed on June 25, 1957. The use plaintiff shipped materials to the prime contractor until October 21, 1957, at which time there remained a balance due to the extent of $4,047.96. More than ninety days having elapsed since the date on which the use plaintiff supplied the last of the materials, an action was instituted on January 30, 1958. Orders extending time for filing responsive pleadings were entered as requested by the bonding company and, on July 7, 1958, the latter filed its answer and counterclaim for interpleader. The basis of the interpleader is that "there are or may be persons unknown who, in addition to plaintiff, supplied labor and material in the prosecution of the aforesaid work under the aforesaid contract who would be entitled to share in the proceeds of the aforesaid bond." It is not contended that there were any further claims against the bond. Indeed, a diligent investigation pointed to the contrary. However, the bonding company, in order to fully protect its possible liability, proceeded by way of interpleader against "persons unknown." The bonding company does not contest the claim of the use plaintiff and, in addition, offered to pay the use plaintiff the entire amount of the bond if plaintiff would agree, in writing, to refund a pro rata portion of the payment in the event other claimants appeared. This suggestion was rejected by the use plaintiff as it would place the latter in a position of litigating any future claim presented.

The amount of the bond having been paid into court and the cause having matured on publication against "persons unknown," with no other claimants appearing, the bonding company requests an allowance for counsel fees and costs.

The matter is substantially controlled by United States v. Heaton, 3 Cir., 128 F. 414, 418. Under a similar set of facts the trial court allowed the bonding company to recover its counsel fees and costs. The appellate court reversed and said in part:

"We think the allowance of a counsel fee to the bonding and trust company was erroneous. That company was not a mere stakeholder. It was a party, and it was for that reason that it required counsel. It is plain that his services up to the time the money was paid into court were rendered exclusively for its benefit, and with the subsequent proceedings it was not concerned. The resulting indebtedness, therefore, was absolutely its own, and should not have been charged against the fund."

It is abundantly clear that only where a party acts as a mere stakeholder in an interpleader proceeding may an allowance of counsel fees and costs be made. Century Ins. Co. v. First Nat. Bank, 5 Cir., 102 F.2d 726, certiorari denied 308 U.S. 570, 60 S.Ct. 84, 84 L.Ed. 478. Cf. Groves v. Sentell, 153 U.S. 465, 14 S.Ct. 898, 38 L.Ed. 785. Where a

substantial controversy exists between the interpleading party and others, or where, as in the present case, the bonding company desires further protection of the court to exonerate it from "possible" liability, no allowance may be made. At least, there must be other claimants to the fund with a colorable claim of right to recovery. 3 Moore, Federal Practice (2nd Ed.), § 22.16, pp. 3052–3053; Amercan United Life Ins. Co. v. Luckman, D.C.S.D.Cal., 21 F.Supp. 39. The test is whether the interpleading party could, in equity and good conscience, be required to assume the risk of multiplicity of actions and erroneous election. Where, under such a test, the interpleader warranted an allowance of counsel fees and costs, the court may, in its discretion, allow same. In Miller Act cases, where the bonding company is on notice of a large number of claims and, after diligent inquiry, the claims cannot be determined with reasonable certainty, an allowance of costs and fees may be proper where the company acts with reasonable dispatch in its capacity as a stakeholder.

In this case the bonding company meets none of these tests. While its good faith is not to be questioned, the equitable plea in the nature of a bill of interpleader was not justified at the expense of the use plaintiff whose claim is not being satisfied. Counsel fees and costs in interpleader actions are essentially a matter of discretion to be exercised by the trial court, and are scarcely ever allowed as a matter of course. Bank of China v. Wells Fargo Bank & Union Trust Co., 9 Cir., 209 F.2d 467, 476–477, 48 A.L.R.2d 172; Eagle Star & British Dominions v. Tadlock, D.C.S.D.Cal., 22 F.Supp. 545, affirmed Walsh v. Tadlock, 9 Cir., 104 F.2d 131, certiorari denied 308 U.S. 584, 60 S.Ct. 107, 84 L.Ed. 489; American United Life Ins. Co. v. Luckman, supra. There is nothing in New York Life Ins. Co. v. Miller, 8 Cir., 139 F.2d 657, relied upon by the bonding company herein, which refutes the conclusions expressed herein. There, the

insurance company was a disinterested stakeholder acting in good faith to protect itself against the danger of multiple liability as to claimants who had asserted adverse interests known to the company.

An order will be entered in accordance with this memorandum. Taxable costs shall be assessed against both defendants, and the claim for allowance of counsel fees and costs to the bonding company will be denied.