The **MANUFACTURERS LIFE INSUR-ANCE CO.**

v.

**Ruby Lee JOHNSON et al.**

**Civ. A. No. 74–0094–R.**

United States District Court,
E. D. Virginia,
Richmond Division.

Nov. 21, 1974.

R. Craig Hopson, Christian, Barton, Parker, Epps & Brent, Richmond, Va., for plaintiff.

John W. Pearsall, McCaul, Grigsby & Pearsall, Robert L. Musick, Jr., Williams, Mullen & Christian, Richmond, Va., for defendants.

## MEMORANDUM

WARRINER, District Judge.

This matter is before the Court on the motion of plaintiff Manufacturers Life Insurance Company, hereinafter referred to as "Company", to impress the proceeds of a group life insurance policy with plaintiff's court costs and attorney's fees generated as a result of a 28 U.S.C. § 1335 interpleader action filed by plaintiff to determine the proper beneficiary under said policy. Robert L. Musick, Jr., administrator of the deceased's estate has joined in this action contending that the proceeds of the policy should be paid to him and there be subject to his expenses and commissions before payment of the remainder to defendant, Ruby Lee Johnson, determined by stipulation of all parties to be the proper distributee of the proceeds.

It is generally agreed by all parties that where there exists a bona fide controversy between claimants, or the reasonable possibility thereof, impressing the insurance proceeds with reasonable attorney fees and costs involved in bringing an interpleader action is within the sound discretion of the court. Metropolitan Life Ins. Co. v. Holding, 293

F.Supp. 854, 858 (ED/Va.1968). However, defendant Ruby Lee Johnson denies the existence of a bona fide controversy which would entitle the Company to its costs.

Administrator Musick cites Travelers Indemnity Company v. Israel, 354 F.2d 488 (2nd Cir. 1965) as authority for his position that where only minor problems arise in determining the proper beneficiary of insurance proceeds, an insurance company should not be allowed to transfer the cost of making this determination, ordinarily a cost of doing business, onto the shoulders of the ultimate beneficiary, by bringing an action for interpleader.

In United States v. Browne Electric Co., 168 F.Supp. 806 (ED/Va.1959), a case cited by both plaintiff and Ruby Lee Johnson, the test of whether an interpleading party is entitled to counsel fees and costs is whether such party could, in equity and good conscience, be required to assume the risk of a multiplicity of actions and possibly erroneous election, and where under such test the interpleader deserves the award of such costs, the court, in its discretion may allow same. The opinion goes on to state that "[a]t least, there must be other claimants to the fund with a colorable claim of right to recovery." *Id.* at 808. From the above cases, it seems apparent that the allowance of costs to plaintiff depends on whether there existed a real threat of vexatious suits from multiple claimants, and not on whether plaintiff merely desired "further protection of the court to exonerate it from possible liability" *Id.* at 808.

However, there are seemingly inconsistent inferences to be drawn from *Browne*. Since the matter was allowed to proceed as an interpleader action, the prerequisites therefore were present, namely that the plaintiff risked the possibility of being subjected to multiple claims to the same fund.

■ This Court, in its memorandum and order of 4 September 1974 also found that the Company risked the possibility of vexatious suits from multiple claimants, and on that basis sustained the propriety of an interpleader action. The mere finding that such an action was proper would seem to warrant the allowance of costs to plaintiff. However, the *Browne* court took the analysis a step further by distinguishing between major and minor "risks of vexatious claims," thus implying that a "minor" danger of multiple claimants, while justifying an interpleader action, would not necessarily warrant the allowance of costs.

■ Since this Court has determined that there existed "a real risk of vexatious, conflicting claims," then the conclusion seems inescapable that the grounds for bringing the instant interpleader action were more than minor. As such, the *Browne* test for the allowance of costs seems to have been satisfied in the instant action.

Once established that this Court is properly acting within its discretion in allowing costs, there still remains the question as to what extent this discretion should be exercised.

■ The pleadings disclose that the life insurance proceeds amount to $7,000 plus interest, whereas plaintiff's costs and fees are in excess of $1,650, with $1,250 of that amount being allocated to attorney's fees alone. Considering the size of the fund, and the fact that Mrs. Johnson has herself incurred attorney's fees in defending the action, it would seem most equitable that each party be charged their individual counsel fees, and that the costs of bringing the action be shared equally between plaintiff and defendant Ruby Lee Johnson, so that Johnson be assessed costs of $204.62. In considering the size of the fund, any cost allowance substantially in excess of that amount would seem to defeat the purpose of an interpleader action by es-

sentially diminishing a fund to finance litigation calculated to preserve that very fund for the proper recipient.

In John Hancock Mut. Life Ins. Co. v. Sykes, 106 F.Supp. 116 (ED/Va. 1952), the insurer brought an interpleader action to determine the proper distribution of the proceeds of a group life insurance policy. The policy contained a "Facility of Payment Clause" which authorized the insurer to pay the proceeds to either the deceased's executor or administrator, or various other family members, in the event that no beneficiary could be determined. In resolving the controversy between the administrator and the deceased's minor daughter as to who was entitled to the fund, the court interpreted § 38–432, now § 38.1–482 of the Virginia Code as requiring that in order to protect the dependents of the insured, an administrator has no right or power to receive or administer the proceeds, and that payment should be made directly to the proper distributee. The court in Sykes found no valid reason why the proceeds should first pass through the administrator.

 Although the administrator herein distinguishes Sykes on the basis that the provisions of the instant policy do not include a facility of payment clause, but rather require the proceeds to be paid to the administrator where no named beneficiary is found to exist, the clear statutory interpretation expressed in Sykes, together with § 38.1–343 of the Virginia Code requiring that all group life insurance policy provisions shall be interpreted in accordance with the applicable code provisions, dictates that such proceeds be paid directly to the proper distributee. Contrary language in the policy itself cannot prevail over the language of the statute.

In addition, the court in Sykes reasoned that by bringing an interpleader action, the plaintiff waived its right to distribute the proceeds to alternate distributees as specified in the policy's facility of payment clause, in favor of the court's authority to determine the proper recipient of the insurance proceeds.

 Applying this reasoning to the present controversy, a similar conclusion seems appropriate. Faced with the possibility of multiple adverse claimants, the Company had two alternatives: 1) proceed in accordance with the provisions of its policy by paying the proceeds to its named administrator, once having determined that the named beneficiary did not then exist; or (2) if plaintiff doubted the legal validity of its alternative beneficiary provision, bring an interpleader action, naming all potential claimants as defendants. In the instant case plaintiff apparently pursued two seemingly inconsistent courses. It sought the appointment of an administrator and then brought this action. Plaintiff must have realized that a judicial determination of the controversy would obviate the need for an administrator since the court itself would make the final decision as to who was entitled to the proceeds.

 Since the plaintiff, not defendant Johnson, initiated two overlapping, and to a certain extent unnecessary remedial courses, neither of which was suggested or agreed to by the defendant Johnson, it seems inequitable that said defendant should be charged the cost of both remedies.

Therefore, the administrator's request that payment of the insurance proceeds be made to him and be subject to his costs and fees is denied.

An appropriate order shall issue.