# CIRCUIT COURT OF THE CITY OF WAYNESBORO

Golden Rule Ins. Co.

v.

Karen L. Jarvis,
Damien S. Roberts,
and Lianna C. Roberts

October 23, 2000

BY JUDGE HUMES J. FRANKLIN, JR.

The Court hereinafter sets forth its opinion with respect to the attorney's fees requested by Golden Rule Insurance Company.

*Facts*

Golden Rule Insurance Company insured the life of Daniel L. Roberts in the amount of $200,000.00. Roberts died on April 8, 2000, and on April 19, 2000, defendant, Karen L. Jarvis, was appointed Executor of his estate. Jarvis notified Golden Rule that she was claiming the proceeds of the policy on behalf of Roberts' Estate. In addition Roberts' children, defendants Damien Roberts and Lianna Roberts, have also notified Golden Rule that they are claiming the proceeds of the policy as its beneficiaries.

Golden Rule instituted this interpleader action on June 22, 2000, as a result of the competing claims for the policy's proceeds. When the action was filed, Golden Rule deposited with the court $200,622.43, representing the proceeds payable under the policy, plus interest.

Pursuant to the Interpleader Statute, Va. Code Ann. § 8.01-364 (1950), Golden Rule sought to be discharged from this action by the court. Counsel for Golden Rule also requested that the decree of discharge include an award of attorney's fees and costs in the amounts of $3,800.00 and $153.52, respectively. Defendants Damien and Lianna Roberts opposed the award of attorney's fees and costs to plaintiff by way of a letter to the court dated

September 9, 2000, and plaintiff supported its request for fees and costs with a brief filed on September 15, 2000.

## Issue

The issue is whether an award of attorney's fees and costs to the plaintiff in an interpleader action is appropriate and if so, what the amount of the award should be. Virginia law is clear that, in spite of the "American Rule," plaintiff in this case is entitled to an award of attorney's fees and costs in the full amount requested.

## Discussion

### I. *Pettus v. Hendricks Is Clear that the Plaintiff in an Interpleader Action is Entitled to Attorney's Fees and Costs*

The Virginia Supreme Court first dealt with this issue in *Pettus v. Hendricks*, 113 Va. 326, 74 S.E. 191 (1912). The facts in *Pettus* were remarkably similar to those in the instant case. There the court was asked by the insurer of the decedent's life to determine who among three claimants was rightfully entitled to the proceeds of the policy. The plaintiff insurer had brought suit in equity and interpleaded the three potential claimants. In awarding the insurer the attorney's fees and costs associated with bringing the action the court stated:

> That rule is that when the plaintiff in the interplea has acted in good faith, and has grounds upon which to base his call for the interposition of a court of equity requiring the adverse claimants to interplead, he is entitled to his costs out of the fund in his hands or which he may pay into court. And these costs may include an attorney's fee.

*Pettus*, 74 S.E. at 194. The instant plaintiff has clearly met this burden. There is no argument that Golden Rule acted in anything less than good faith. There are two legitimate claimants to the proceeds of the life insurance policy at issue, and Golden Rule is seeking the court's judgment only to determine who is rightfully entitled to the proceeds.

The federal courts in Virginia have followed this general rule without hesitation. In *United States v. Browne Elec. Co.*, 168 F. Supp. 806, 807 (E.D. Va. 1959), the District Court held, "It is abundantly clear that only where a

party acts as a mere stakeholder in an interpleader proceeding may an allowance of counsel fees and costs be made." Moreover, the same court, fifteen years later in a different case, found "It is generally agreed by all parties that where there exists a *bona fide* controversy between claimants, or the reasonable possibility thereof, impressing the insurance proceeds with reasonable attorney's fees and costs involved in bringing an interpleader action is within the sound discretion of the court." *Manufacturers Life Ins. Co. v. Johnson*, 385 F. Supp. 852, 853 (E.D. Va. 1974).

These two cases are also important because they shed further light on when an interpleader plaintiff is entitled to recover attorney's fees and costs. The *Browne Elec.* court created (and the *Johnson* court employed) a test: "The test is whether the interpleading party could, in equity and good conscience, be required to assume the risk of multiplicity of actions and erroneous election. Where, under such a test, the interpleader warranted an allowance of counsel fees and costs, the court may, in its discretion, allow same." *Browne Elec.*, 168 F. Supp. at 808. This test is not substantially different from that set out in *Pettus* and is clearly met by Golden Rule in the instant case.

The *Browne Elec.* court, however, goes further in its analysis. "When a substantial controversy exists between the interpleading party and others, or where . . . the bonding company desires further protection of the court to exonerate it from possible liability, no allowance may be made." *Browne Elec.*, 168 F. Supp. at 808 (internal quotation marks omitted). Furthermore, it is the rule in most jurisdictions that only a plaintiff in an interpleader action who is a "disinterested stakeholder" may recover costs and fees. M. O. Regensteiner, Annotation, *Allowance of Attorney's Fees to Party Interpleading Claimants to Funds or Property*, 48 A.L.R. 2d 190 (1956). "The term "disinterested stakeholder" is widely used in this field to denote one who has in his possession funds or property belonging to one of various claimants thereto, who has no personal interest in such funds or property, and who stands indifferent as to their disposition." *Id.* at 192, n. 5. Golden Rule has no controversy with any of the potential beneficiaries of the policy; nor does Golden Rule claim that the proceeds of the policy should not be paid at all, it only asks the court to determine to whom should the proceeds be paid. Therefore, Golden Rule is a disinterested stakeholder who may recover its fees and costs at the discretion of the court.

The Defendants go to great lengths in an attempt to persuade the court that the rule established in *Pettus* should be ignored. For example, the Defendants point out that the "American Rule" cases are more recent and should, therefore, carry more weight. The Defendant also asserts that because the interpleader statute does not specifically provide for the plaintiff's

attorney's fees and costs that they should not be awarded by the court. Both of these arguments are misplaced.

## II. *The American Rule Does Not Prevent the Plaintiff from Recovering Attorney's Fees and Costs in This Context.*

First, all of the "American Rule" cases cited by the defendant are all factually distinguishable because none of them are interpleader actions. Secondly, three of the four cases cited by the defendant employ exactly the same language when stating the "American Rule:" "Ordinarily, attorney's fees are not recoverable by a prevailing litigant in the absence of a specific contractual or statutory provision to the contrary." *Lannon v. Lee Conner Realty Corp.*, 238 Va. 590, 594, 385 S.E.2d 380 (1989); *Gilmore v. Basic Indus., Inc.*, 233 Va. 485, 490, 357 S.E.2d 514 (1987); *Shuler v. Virginia Empl. Comm'n*, 14 Va. App. 1013, 1015, 420 S.E.2d 257 (1992).

This language is problematic with regard to the defendants' position for two reasons. The first problem is the use of the word "ordinarily." The fact that attorney's fees and costs are "ordinarily" not awarded to a litigant leads one to the conclusion that in extraordinary circumstances attorney's fees and costs are recoverable. It is also clear that the word "ordinary" was not simply intended to be a meaningless modifier because it was used by all three courts. Had one court decided that there was never a situation outside of a contractual or statutory provision where attorney's fees are appropriate, it could have very easily dropped the use of that term.

Secondly, the quoted definition of the American Rule, by its own unambiguous language, applies only to "prevailing litigants." In the instant case, the party seeking an award of attorney's fees is not and cannot be a prevailing party. In fact, as discussed *infra*, Golden Rule has no dispute with any of the defendants. It only desires the court to determine who is due the proceeds from the life insurance policy covering the decedent. This the court has not yet done; therefore, there is, at this juncture in the litigation, no prevailing party.

## III. *The Fact That the Impleader Statute Is Silent Regarding Plaintiff's Attorney's Fees and Costs Does Not Preclude a Plaintiff from Recovering Them.*

The second part of the defendants' argument, that the court should not grant plaintiff any fees or costs because the interpleader statute does not provide for such an award, is also unconvincing for two reasons. First, the

Reviser's Note following the statutory text states that the statute is not intended to "supersede the traditional equity suit for interpleader." Therefore, the practice of awarding attorney's fees and costs in an equity interpleader action, as established in *Pettus*, was not overruled by the subsequent enactment of § 8.01-364.

Secondly, the Reviser's Note states, "The purpose of the statute is to provide Virginia with a comprehensive modern statutory method of interpleader comparable to those which exist in most other jurisdictions, including the federal system." "It would seem to be the rule in several jurisdictions, notably the federal courts, Missouri, and Texas, that a disinterested stakeholder who has reasonable doubts as to the party entitled to the funds or property in his possession, and who in good faith interpleads the claimants, is entitled to an allowance for attorney's fees." M. O. Regensteiner, Annotation, *Allowance of Attorneys' Fees To Party Interpleading Claimants To Funds Or Property*, 48 A.L.R.2d 190 (1956). The annotation asserts that twenty jurisdictions, including the federal courts and the state of Virginia, follow the rule that an impleading party is entitled to an allowance for attorney's fees. Regensteiner, 48 A.L.R.2d at 193-96. The stated purpose of the statute is to create an interpleader action in Virginia that is similar to those in the rest of the country. Since those jurisdictions allow an interpleader plaintiff to recover fees, it is apparent that Virginia courts should follow suit.

In light of this information and the express purpose of the statute, it is clear that the court has the discretion to award Golden Rule an allowance for its attorney's fees and related costs.

## IV. *The Court Should Award Golden Rule the Full Amount Requested from the Proceeds of the Policy.*

"Once established that this Court is properly acting within its discretion in allowing costs, there still remains the question as to what extent this discretion should be exercised." *Johnson*, 385 F. Supp. at 854. In *Johnson*, the court determined, even though the interpleading party met the burden of showing that it was entitled to receive attorney's fees, that it would not award them because they amounted to a high proportion of the insurance policy proceeds. (The policy proceeds were $7,500.00 and the attorney's fees were $1,250.) *Id.* The court also decided that the costs of the action should be split equally between the plaintiff and defendants. *Id.* In this case, however, the amount of attorney's fees and court costs are a considerably smaller proportion of the amount of the funds at issue. In *Johnson*, the total amount of fees and costs requested amounted to 23.57% of the insurance proceeds. In this case,

however, the total amount requested by the Plaintiff ($3,953.52) equals only 1.97% of the total amount at issue in the case ($200,622.43). Other courts have allowed an award of attorney's fees and costs where their proportion of the overall interpleader stake was similarly negligible. *Board of Educ. v. Winding Gulf Collieries*, 152 F.2d 382 (4th Cir. 1945) (0.7%); *Prudential Ins. Co. v. Clark*, 48 Va. Cir. 557 (Rockingham County 1999) (3.57%). In light of this authority, the court should award Golden Rule the entire $3,953.52 requested out of the insurance policy proceeds that have been deposited with the court.

## Conclusion

Michie's Jurisprudence sums up the law on this issue in Virginia best. "Where an interpleader bill is filed in good faith, the complainant should have his costs, including attorney's fees, in the first instance out of the funds brought by him into court . . . It is clear that only where a party acts as a mere stakeholder in an interpleader proceeding may an allowance of counsel fees and costs be made. Where a substantial controversy exists between the interpleading party and others, or where the bonding company desires further protection of the court to exonerate it from 'possible' liability, no allowance may be made." 10B Michie's Jurisprudence, *Interpleader*, § 14 (1995). In this case, Golden Rule has proven that it is a disinterested stakeholder and that it brought the interpleader action in good faith, therefore it is entitled to an award of its attorney's fees and costs. Furthermore, because the amount requested by the plaintiff is such a small proportion of the total interpleader stake, Golden Rule should receive the entire requested amount out of the proceeds of the insurance policy at issue.