**SUN LIFE ASSURANCE COMPANY OF CANADA; A.G. Edwards & Sons, Inc., Plaintiffs,**

v.

**Nancy Upshaw BEW, et al., Defendants.**

**Civil No. 3:07CV127.**

United States District Court, E.D. Virginia, Richmond Division.

Dec. 17, 2007.

Alexander Tevis Marshall, David Edward Constine, III, Troutman Sanders, Richmond, VA, for Plaintiffs.

Anne Derby McDougall, Freed & Shepherd PC, Ashland, VA, Sheldon M. Franck, Geddy Harris Franck & Hickman LLP, William Hunter Old, Kaufman & Canoles PC, Williamsburg, VA, Bryan Geoffrey Bosta, Gentry Locke Rakes & Moore, Roanoke, VA, William S. Francis, Jr., Richmond, VA, for Defendants.

### *MEMORANDUM OPINION*

DENNIS W. DOHNAL, United States Magistrate Judge.

This matter is before the Court on Plaintiffs Sun Life Assurance Company ("Sun Life") and A.G. Edwards & Sons, Inc.'s ("AGE") motions for attorneys' fees and costs incurred in connection with the present interpleader action, as well as fees and costs related to the defense of a separate, potential claim of breach of fiduciary duty.[1] The Court will GRANT the motions in part and DENY them in part by awarding only the fees incurred in connection with the interpleader action.

---

1. For expediency sake, the Court may occasionally refer in the body of this Memorandum Opinion to the requests as being only for "fees" with the understanding that related costs are also included.

## I. BACKGROUND AND PROCEDURAL HISTORY

Ms. Annie Page Russ died on January 13, 2007, having maintained an insurance policy obtained from Sun Life, as well as investment account procured through AGE. Although Ms. Russ had previously designated beneficiaries for each fund, there arose a conflict between the beneficiaries as to proper allocation among them. Accordingly, Sun Life filed this interpleader action to resolve the matter.

Sun Life's and AGE's cases were consolidated, following which the parties agreed on a settlement as to the distribution of the proceeds of both accounts. Plaintiffs subsequently filed the subject motions for fees. AGE and Sun Life are represented by the same counsel and present essentially the same argument as to why Plaintiffs are entitled to an award of all of the requested fees. Ms. Nancy Upshaw Bew, Mr. Kenneth Garnett Upshaw, Ms. Allison Bew Harper, the Estate, and Mr. Everett Pickett Upshaw are all "Defendants" in this matter; however, Mr. Everett Upshaw has separate counsel and a divergent position with respect to the distribution of the subject funds and the allocation of attorneys' fees and costs.[2] The Court has entertained oral argument on the motions for fees and the matter is therefore ripe for resolution.

## II. ANALYSIS

### 1. The award of attorneys' fees is within the Court's discretion.

█ When a policy or account holder expires, there is often a dispute among designated beneficiaries as to the proper amount each should receive, even if the deceased had previously designated the

shares. In order to avoid liability from conflicting claims, a disinterested stakeholder, such as the Plaintiffs, that had issued an insurance policy or managed an investment account, may interplead contested funds into a court's registry to resolve the issue of proper distribution. The disinterested shareholder can then procure a judicial order for discharge from future liability. Fed.R.Civ.P. 22; *Reliastar Life Ins. Co. of N.Y. v. LeMone*, No. Civ.A. 7:05CV00545, 2006 WL 733968, at *10 (W.D.Va. Mar.16, 2006) (citations omitted). Stated another way, an interpleader action relieves the stakeholder of "the risk of guessing which claimant should be the beneficiary of a contested fund." *Reliastar Life Ins. Co. of N.Y.*, 2006 WL 733968, at *2 (citing 7 Charles Alan Wright, *et al.*, Federal Practice and Procedure § 1704 (3d ed.2001)). Furthermore, attorneys' fees and costs may be awarded to a stakeholder in an interpleader action based on the rationale that the stakeholder, "by seeking resolution of the multiple claims to the proceeds, benefits the claimants, and ... should not have to absorb attorneys' fees in avoiding the possibility of multiple litigation." *Reliastar Life Ins. Co. of N.Y.*, 2006 WL 733968, at *9 (citations omitted).

In this regard, it has been held that:

The remedy of interpleader should, of course, be a simple, speedy, efficient and economical remedy. Under ordinary circumstances there would be no justification for seriously depleting the fund deposited in court by a stakeholder through the allowance of large fees to his counsel. The institution of a suit in interpleader, including the depositing of the fund in the registry of the court and the procuring of an order of discharge of the stakeholder from further liability,

---

**2.** There are two additional defendants listed in the heading (William Mitchell Upshaw and James Russ); however, they have not responded to Sun Life or AGE's motions.

does not usually involve any great amount of skill, labor or responsibility, and, while a completely disinterested stakeholder should not ordinarily be out of pocket for the necessary expenses and attorney's fees incurred by him, the amount allowed should be modest.

*Hunter v. Fed. Life Ins. Co.,* 111 F.2d 551, 557 (8th Cir.1940).

The " 'test for determining attorneys' fees in an interpleader action is less rigorous than the more elaborate factors used to consider fee awards in ... other contexts. . . . In an interpleader action, the broad rule is reasonableness.' " *Sun Life v. Grose,* 466 F.Supp.2d 714, 717 (W.D.Va. 2006) (quoting *Powell Valley Bankshares, Inc. v. Wynn,* No. 2:01CV00079, 2002 WL 728348, at *2 n. 2 (W.D.Va. Apr.11, 2002)). Additionally, although there is no statutory authority to award attorneys' fees and costs, in such matters, this Court has noted that:

> [T]he test of whether an interpleading party is entitled to counsel fees and costs is whether such a party could, in equity and good conscience, be required to assume the risk of a multiplicity of actions and possibly erroneous election, and where under such test the interpleader deserves the award of such costs, the court, in its discretion may allow same.

*Mfrs. Life Ins. Co. v. Johnson,* 385 F.Supp. 852, 854 (E.D.Va.1974) (citing *United States v. Browne Elec. Co.,* 168 F.Supp. 806, 808 (E.D.Va.1959)).

### 2. Attorneys' fees will not be awarded for work related to separate, collateral claims.

■ Counsel for Sun Life and AGE are requesting fees and costs incurred not only in pursuing this interpleader action, but also those incurred in preparing to defend a *potential* claim of breach of fidu-

ciary duty that may have been alleged, but has never been formally raised, by certain of the Defendants. *See* (AGE's Mem. at 5–6.); (SL's Mem. at 6.) Although Plaintiffs' counsel acknowledges that they have been "required to incur substantial expense *not typically associated with interpleader actions* based on the unfounded allegations of the Claimants[,]" they still seek payment of the associated fees. (AGE's Mem. at 5); (SL's Mem. at 6) (emphasis added.) Defendants object to what they assert to be the "unreasonable" amount of fees requested by Plaintiffs' counsel, stating, "awarding fees and costs to a disinterested stakeholder does not extend to a party defending a claim, or by analogy, for responding to an investigation by an Executor regarding a potential claim against the stakeholder." (Def.'s Mem. Opp. AGE's Mot. ("Def.'s Mem.") at 4) (docket entry no. 48) (objecting to the award of fees for Plaintiffs' counsel to research the potential breach of fiduciary duty claim and to attend depositions of AGE employees). Defendants recognize that awarding attorneys' fees lies within the Court's discretion; however, they argue that if the Court grants Plaintiffs' Motions, it should grant only a "modest" award, not including "fees and costs incurred in connection with any claim separate from the Interpleader." (Def.'s Mem. at 5.) Generally, attorneys' fees will be awarded only for efforts associated with the interpleader action itself, and not for any efforts expended by a claimant's counsel in preparing to defend a potential collateral claim or counterclaim. *See, e.g., Grose,* 466 F.Supp.2d at 717.

■ Defendant Everett Upshaw and the remaining Defendants refer the Court to two recent decisions from this circuit (also involving AGE and Sun Life as parties) in support of their argument that Plaintiffs' requested fees are excessive. Although

those cases involved requested attorneys' fees that comprised large percentages of the interpleader funds at issue, they nevertheless provide insight into issues that impact on a court's exercise of discretion in such matters. While the degree of fund depletion is one factor which a court should consider in awarding attorneys' fees for interpleader actions, it is only of particular significance if the depletion is significant. *See, e.g., Mfrs. Life Ins. Co.,* 385 F.Supp. at 854–55 (stating that excessively high awards of attorneys' fees "defeat the purpose of an interpleader action by essentially diminishing a fund to finance litigation calculated to preserve that very fund for the proper recipient.").

In one of the decisions cited, as in the present case, conflict amongst claimants as to the distribution of life insurance proceeds prompted Sun Life to seek judicial intervention to resolve the matter and to effectively insulate Sun Life from potential liability for a challenged distribution. *Sun Life Assurance Co. v. Tinsley,* Civil Action No. 6:06–cv–00010, 2007 WL 1388196, at *1 (W.D.Va. May 9, 2007). Having filed an interpleader action and after being discharged from further liability in the matter, Sun Life in *Tinsley* sought attorneys' fees and costs in the amount of $11,000 (although Sun Life claimed $14,800 in costs and fees, it only requested $11,000 in its motion). *Id.* at *3. The court found such fees to be excessive and reduced the award, finding that: "[t]his is a straightforward case with few parties involved, and there is no suggestion that counsel provided any unique services. In fact, counsel concede their actions in this case are common in the insurance industry." *Id.* Furthermore, the amount requested by Sun Life in *Tinsley* would have constituted 35% of the total funds. *Id.* ("Sun Life's recovery should be limited to the modest sum of $ 2413 ($ 2000 in legal fees, representing approximately 10 hours of work at counsel's listed rate of $ 200 per hour and $ 413 for court costs)."). Here, however, there is no complaint that Plaintiffs' hourly rates are excessive, or that the requested award would significantly deplete the total amount of the interpleaded funds.

In the second case, the same court provides guidance on the issue of fees that are sought in regard to collateral claims. In *Sun Life v. Grose, supra,* Sun Life's attorneys sought $5,614.00 in attorneys' fees and costs. The court, however, awarded only $3,200.00. *Grose,* 466 F.Supp.2d at 716–17. The court noted two primary reasons for reducing the amount: (1) the requested fees included time spent by Sun Life's attorneys in relation to a *counterclaim* which did not relate to the ownership of the fund; and (2) the requested fees would be inequitable in light of the small amount of the insurance proceeds involved and the uncomplicated nature of the dispute. *Id.* at 717.

In this case, Plaintiffs' counsel concedes that the hours billed concerning the collateral issue of a potential claim for the breach of fiduciary duty is one that is not typically associated with interpleader actions. (AGE's Mem. at 5); (SL's Mem. at 6.) As *Grose* illustrates, charges for effort expended on collateral matters should not be included in the award of attorneys' fees related to the interpleader action, Whether or not the collateral allegations had any merit is not an issue that should be considered on a motion for attorneys' fees and costs in the interpleader action. Costs for such as depositions and research related to the collateral claim are not related to the ownership of the fund or the interpleader action.

### 3. Attorneys' fees will be awarded solely for the interpleader action.

■ Although some courts have denied attorneys' fees and costs in interpleader

actions, suggesting that such fees constitute the ordinary costs of business (particularly in the insurance industry), it is within a court's discretion as to how much to grant and, implicitly whether to award anything at all. *See Met. Life Ins. Co. v. Holding,* 293 F.Supp. 854, 858 (E.D.Va. 1968). This Court deems an award of fees and costs to be appropriate, but only if directly related to the necessity of pursuing the interpleader action where such action was necessary to resolve the controversy that was not generated by actions of the neutral stakeholder.

Sun Life requests attorneys' fees and costs in the amount of $10,786.99, although its submission only details $9,586.99 worth of charges. (SL's Mem. at Ex. 1.)[3] AGE requests attorney fees and costs in the amount of $8,405.20. (AGE's Mem. at 1.) In support of its motion, AGE states that it "has been required to incur substantial expense not typically associated with interpleader actions based on the unfounded allegations of the Claimants. Claimants have essentially used the interpleader process as a means to investigate a potential cause of action [the breach of fiduciary duty] against AGE with no legal foundation." (AGE's Mem. at 6.) AGE further states that it has "attempted to conduct matters as efficiently as possible. Indeed, whenever possible, AGE has split many of its costs with Sun Life." (AGE's Mem. at 9). Since the efforts expended in regard to the potential collateral claim were not directly related to the interpleader action itself, the requests for attorneys' fees and costs will be reduced by the amounts associated with the collateral matter.

### III. CONCLUSION

The Court finds it appropriate to award Sun Life and AGE attorneys' fees and

costs reflecting the efforts directly related to the interpleader actions. At this Court's request, defense counsel consulted with each other and determined that the fees and costs related to the collateral action amounted to $975.00 for Sun Life and $3,100.00 for AGE. The award of attorneys' fees shall, therefore, not include such amounts in order to reflect only efforts related to the interpleader action. Accordingly, the motions are GRANTED to the extent that Sun Life will be awarded the total sum of Nine Thousand Eight Hundred Eleven and 99/100 ($9,811.99) Dollars, and AGE the sum of Five Thousand Three Hundred Five and 20/100 ($5,305.20) Dollars.

An appropriate Order shall issue.

---

3. The Declaration of A. Tevis Marshall indicates that Sun Life will also be charged fees for the month of September 2007 totaling an additional $1,200. (SL's Mem. at Ex. E.)