## Staunton.

### WISECARVER AND ANOTHER v. WISECARVER.

#### SEPTEMBER 21, 1899.

1. DAMAGES—*Counsel Fees—Injunction Bond.*—In an action on an injunction bond with condition " to pay all such costs as may be awarded against the plaintiff, and all such damages as shall be incurred in case the said injunction be dissolved," fees paid to counsel in the injunction suit cannot be recovered as damages, although the bill be a pure bill of injunction.

Error to a judgment of the Circuit Court of Frederick county, rendered at its June term, 1899, in an action of debt on an injunction bond, wherein the defendant in error was the plaintiff, and the plaintiffs in error were the defendants.

*Reversed.*

The opinion states the case.

*Barton & Boyd,* for the plaintiffs in error.

*R. E. Byrd* and *W. Roy Stephenson,* for the defendant in error.

HARRISON, J., delivered the opinion of the court.

This action was brought upon an injunction bond executed by the plaintiff in error and others in a chancery suit instituted by him against the defendant in error in the Circuit Court of Frederick county. In the progress of the trial a number of instructions were asked for by the defendant in the court below, which were refused, and others given for the plaintiff. The

propriety of these instructions is now the subject of controversy here, and without referring to them more particularly, it is sufficient to say that they present for our determination the question whether attorneys' fees can be recovered as part of the damages provided for in the bond sued upon.

The only basis for the contention that the obligors in the injunction bond must pay, as part of the damages sustained, the fees paid by the defendant to his attorney for obtaining a dissolution of the injunction, is the condition of the bond, as provided by the statute, that the obligors shall " pay all such costs as may be awarded against the party obtaining the injunction and all such damages as may be incurred in case the injunction shall be dissolved."

There is no decision by this court on the right to recover counsel fees in such an action, nor is the question adverted to, so far as we have been able to discover, by any of the Virginia text writers.

In a large number of our sister States the question has arisen and seems to have been the subject of much litigation and great diversity of opinion. The weight of authority in these States seems to be, as indicated by leading text writers on the subject, that counsel fees are allowed as damages if they have been necessarily incurred in procuring the dissolution of an injunction where that is the sole relief sought by the bill. But if the injunction is only ancillary to the principal object of the bill, and the liability for counsel fees is incurred in defending the suit generally, the dissolution of the injunction being only incidental to the result, then such fees cannot be recovered. This view leaves open, to be determined in each case, the question as to the character of the proceeding, whether it is a pure bill of injunction or otherwise. Some of the authorities hold that there can be no recovery at all where there are mixed questions involved relating both to the merits of the suit and to the injunction, while others hold that if it be possible to discriminate

between the two, the jury may find for so much of the service as was rendered merely on the injunction, eliminating the services rendered on the merits.

What is a pure bill of injunction is always a difficult question to determine. Nearly every injunction proceeding involves the settlement and determination of some right that is controverted by the parties thereto, and hence in a majority of the cases in those States which have adopted the rule to which we have adverted, the chief controversy has been as to the character of the proceeding; whether the services rendered related solely to obtaining a dissolution of the injunction, or whether they were rendered in procuring a settlement of the merits of the suit.

The question under consideration has been long settled by the Supreme Court of the United States adversely to the contention of the defendant in error.

In *Oelriches* v. *Spain*, 15 Wall. 211, the action was on a bond which provided that the obligors should pay " as well the costs, damages and charges that shall occur in said circuit court, as all costs, damages and charges that shall be occasioned by said writ of injunction." The court said that the question had been substantially, though not directly, decided in *Arcambel* v. *Wiseman*, 3 Dall. 306, and then the court goes on to say: " In debt, covenant and *assumpsit*, damages are recovered, but counsel fees are never included. So in equity cases, where there is no injunction bond, only the taxable costs are allowed to the complainants. The same rule is applied to the defendant, however unjust the litigation on the other side, and however large the *expensa litis* to which he may have been subjected. The parties in this respect are upon a footing of equality. There is no fixed standard by which the *honorarium* can be measured. Some counsel demand much more than others. Some clients are willing to pay more than others. More counsel may be employed than are necessary. When both client and counsel know that the fees are to be paid by the other party, there is danger of abuse.

A reference to a master, or an issue to a jury, might be necessary to ascertain the proper amount, and this grafted litigation might possibly be more animated and protracted than that in the original cause. It would be an office of some delicacy on the part of the court to scale down the charges, as might be sometimes necessary.

"We think the principle of disallowance rests on a solid foundation, and that the opposite rule is forbidden by the analogies of the law and sound public policy."

Since this decision the rule there laid down has never been departed from by that court.

The condition of the bond in the case at bar, which is in the language of the statute, is as follows: "Conditioned to pay all such costs as may be awarded against the said plaintiff, and all such damages as shall be incurred in case the said injunction be dissolved." We are of opinion that the word "damages" as used in this statute was not intended to cover an allowance for counsel fees. It might with equal propriety be contended that loss of time in visiting and conferring with counsel, or in interviewing witnesses, and other necessary expenses in preparing the cause for hearing, should be allowed. The statute did not contemplate a recovery on account of those personal expenses such as every litigant is subjected to who is brought into court by his adversary, whether in an important or a frivolous suit, but only such damages as flow directly from being stopped in the exercise of the right enjoined.

The application of the principle adopted by the States which have considered this question, seems to be difficult, and in many instances impossible; and in its result would afford a recovery in a very small number of cases. We are of opinion that the easy, simple, and more satisfactory rule is to deny the right to recover counsel fees, as part of the damages, and thus have an uniform rule, harmonious with the established and unquestioned doctrine in this State as to actions upon contracts, and indeed

as to most other cases, and confine the right to recover to the fees allowed by statute and taxable in the costs. As said by the Supreme Court in the case cited, the principle of disallowance rests on a solid foundation, while the opposite rule is forbidden by the analogies of the law and sound public policy.

For these reasons the judgment complained of must be reversed, the verdict set aside, and the cause remanded for a new trial to be had in accordance with the views expressed in this opinion.

*Reversed.*