# David R. Ryder

## v.

# Sadie Petrea

Record No. 910792

April 17, 1992

Present: All the Justices

422

*Walter Jervis Sheffield (David R. Ryder pro se, on brief), for appellant.*
*Carroll E. Smith for appellee.*

JUSTICE WHITING delivered the opinion of the Court.

In this declaratory judgment suit, an owner of two subdivision lots claims an interest in an abutting 50-foot right-of-way shown on the recorded subdivision plat. The subdivider's successor in title successfully argued in the trial court that the lot owner had no such right because his lots also abut a public road.

In June 1949, Hattie Townes recorded a 24-lot "Plat of Subdivision" of a portion of her property that fronted on the north side of Route 620 in Spotsylvania County. A right-of-way shown on the plat extends in a generally northern direction from Route 620 and abuts the west side of lot one and the front property line of lots four through twenty-four. Lots one, two, and three front on the north side of Route 620. Townes later conveyed the subdivision lots with reference to the recorded plat, but her deeds contained no specific reference to the use of the right-of-way.

In 1969, Sadie F. Graninger, later Sadie Graninger Petrea, acquired most of the subdivision lots and a five-acre unplatted parcel on the west side of the right-of-way. For a number of years before 1988, Petrea used these properties to operate a mobile home park.

On December 7, 1988, David R. Ryder acquired lots one and two of the Townes subdivision in a deed from Eleanor Mitchell, a successor in title to the original purchaser of those lots from Townes. Lots one and two had always been conveyed as a unit by Townes and her successors in title.

When Ryder attempted to use the right-of-way as a means of egress from lots one and two, C. Douglas Graninger, Petrea's son and the manager of her mobile home park, blocked Ryder's access

by erecting a fence between lot one and the right-of-way. After Ryder dismantled a portion of the fence and began to use the right-of-way, Petrea filed this suit to determine whether Ryder had an easement in the right-of-way.

The issues were referred to a commissioner in chancery who took evidence, reported that Ryder had no right to use the right-of-way, and recommended that Ryder be enjoined from using it. Agreeing with Petrea's contention that Ryder had no easement over the right-of-way because his lots fronted on Route 620, the trial court overruled Ryder's exceptions to the commissioner's report and enjoined his use of the right-of-way. Ryder appeals.

First, Ryder claims that the mere recordation of Townes' subdivision plat was a dedication of the right-of-way to the public. However, the plat did not comply with the subdivision act in effect at the time of recording. Code § 5225a-f (Cum. Supp. 1948) (amended in part and now codified in pertinent part in Code §§ 15.1-465 and -475 to -478). Therefore, the public acquired no rights in the 50-foot right-of-way shown on the plat. *Brown* v. *Tazewell County Water and Sewer Auth.*, 226 Va. 125, 130-31, 306 S.E.2d 889, 892 (1983).

Relying on *Lindsay* v. *James*, 188 Va. 646, 51 S.E.2d 326 (1949), Ryder also claims a private right of easement over the right-of-way. In *Lindsay*, as in this case, "the rights of the public are not involved in this litigation, but only the private right of an owner who has acquired a lot in a subdivision, the plat of which shows certain areas laid out as streets and alleys." *Id.* at 652, 51 S.E.2d at 329.

We note that Townes' plat shows the easement as a right-of-way and not a street or alley. In our opinion, that makes no difference. A "street" is a "way," Black's Law Dictionary 1421 (6th ed. 1990), and a "way," in a technical sense, is a right of passage over land. *Id.* at 1593. A "right of way" is a term used to describe a right belonging to a party to pass over land of another. *Id.* at 1326. Accordingly, purchasers of subdivision lots may acquire the same private easements of passage over "rights-of-way" that are shown on a subdivision plat as they would acquire over streets and alleys that are shown on such a plat.

Petrea argues that no such rights can be acquired when the subdivision lots also abut upon a public street, as in this case. We do not agree.

In *Lindsay*, after indicating that there were conflicting views "as to the extent of the easement in the streets and alleys created by grant with reference to a map or plat," we said that

> [the view] adopted in this jurisdiction, limits the extent of easements of this nature to such streets and alleys shown on the plat as are reasonably beneficial to the grantee, and a deprivation of which would reduce the value of his lot. *In any event; such grantee is entitled to an easement in streets and alleys adjoining his lot.*

*Id.* at 653, 51 S.E.2d at 329 (emphasis added).

We hold that in any event, Ryder has an easement over the right-of-way. Thus, we need not inquire whether the use of the 50-foot right-of-way is "reasonably beneficial" to Ryder or whether the inability to use the way "would reduce the value of his lot." *Id.*

And, because the two lots were conveyed as a unit and continue to be held as a unit, we are of opinion that the easement is appurtenant to both. Code § 55-50. Hence, Ryder is entitled to use of the right-of-way for ingress and egress to that unit.

Finally, Ryder claims that he should recover his attorney's fees because Petrea's maintenance of this suit "constitute[s] a blatant [mis]use of the legal process to unlawfully interfere with Ryder's easement." Ryder bases his contention upon Petrea's actual knowledge of Ryder's rights because of the recital in Petrea's deed from the subdivider's successor in title that the land was conveyed "subject to the rights of all parties in interest in and to the fifty foot right-of-way shown on said plat." Additionally, Ryder claims that Petrea had constructive knowledge of Ryder's right-of-way because of the recorded deeds in Petrea's chain of title and a notorious use of the right-of-way for a substantial period of time by Ryder's predecessors in title.

However, "we have consistently adhered to the 'American Rule': ordinarily, attorney's fees are not recoverable by a prevailing litigant in the absence of a specific contractual or statutory provision to the contrary." *Lannon* v. *Lee Conner Realty Corp.*, 238 Va. 590, 594, 385 S.E.2d 380, 383 (1989). In our opinion, Petrea's prosecution of this declaratory judgment suit, even with the alleged actual and constructive knowledge of Ryder's easement, is insufficient to establish any exception to the application of

the rule. Accordingly, we will affirm the trial court's denial of an award of attorney's fees.

Because the trial court erred in holding that Ryder had no interest in the right-of-way, we will reverse its judgment, will declare that Ryder has an interest in the right-of-way, and will dismiss the bill for declaratory judgment.

*Reversed and final judgment.*