TERESA F. SHULER

v.

VIRGINIA EMPLOYMENT COMMISSION, et al.

No. 2236-91-3

Decided August 11, 1992

COUNSEL

Martin Wegbreit (Client Centered Legal Services of Southwest Virginia, Inc., on brief), for appellant.

James W. Osborne, Assistant Attorney General (Mary Sue Terry, Attorney General; K. Marshall Cook, Deputy Attorney General, Richard L. Walton, Jr., Senior Assistant Attorney General, on brief), for appellee, Virginia Employment Commission.

OPINION

**ELDER, J.**—Teresa F. Shuler appeals a final order of the Lee County Circuit Court denying her application to recover fees and other expenses under the Virginia Administrative Process Act (VAPA) and holding that judicial appeals of claims for unemployment compensation are exempt from the VAPA by operation of Code § 9-6.14:4.1(D)(5). We affirm the circuit court's holding.

On December 16, 1986, appellant appealed the final decision of the Virginia Employment Commission (VEC) denying unemployment compensation. The Lee County Circuit Court affirmed the VEC decision on June 2, 1988. Following a timely appeal, this Court reversed the circuit court in *Shuler v. Virginia Employment Comm'n*, 9 Va. App. 147, 384 S.E.2d 122 (1989). A petition by the VEC for appeal to the Virginia Supreme Court was denied. On March 16, 1990, this Court issued its judgment reversing the Lee County Circuit Court.

On March 21, 1990, appellant filed an application to recover fees and other expenses under the VAPA. The trial court denied the application on the ground that judicial appeals of unemployment compensation claims are exempt from the VAPA by operation of Code § 9-6.14:4.1(D)(5). Appellant contends that the trial court erred in holding that the VAPA does not apply to judicial review of unemployment compensation cases and, thus, does not apply to applications for an award of attorney fees under the

VAPA.

█ In *Ryder v. Petrea*, 243 Va. 421, 416 S.E.2d 686 (1992), the Supreme Court of Virginia cited once again a rule to which Virginia courts have consistently adhered: "[O]rdinarily, attorney's fees are not recoverable by a prevailing litigant in the absence of a specific contractual or statutory provision to the contrary." *Id.* at 424, 416 S.E.2d at 688 (quoting *Lannon v. Lee Conner Realty Corp.*, 238 Va. 590, 594, 385 S.E.2d 380, 383 (1989)). Adherence to this rule, known as the "American Rule," does not merely reflect blind faith in tradition; rather, it is grounded in sound public policy.

> "The same rule is applied to the defendant, however unjust the litigation on the other side, and however large the *expensa litis* to which he may have been subjected. The parties in this respect are upon a footing of equality. There is no fixed standard by which the *honorarium* can be measured. Some counsel demand much more than others. Some clients are willing to pay more than others. More counsel may be employed than are necessary. When both client and counsel know that the fees are to be paid by the other party, there is a danger of abuse. A reference to a master, or an issue to a jury, might be necessary to ascertain the proper amount, and this grafted litigation might possibly be more animated and protracted than that in the original cause."

*Wisecarver v. Wisecarver*, 97 Va. 452, 454-55, 34 S.E. 56, 57 (1899)(quoting *Oelrichs v. Spain*, 82 U.S. (15 Wall.) 211 (1872)).

In light of the clear history of adherence to the so-called American Rule, unless a specific contractual or statutory provision provides otherwise, appellant is barred from recovering attorney fees.

Appellant argues that her claim for attorney fees is permissible under Code § 9-6.14:21 of the VAPA, which provides in pertinent part:

> In any civil case brought under Article 4 (§ 9-6.14:15 et seq.) and of Chapter 1.1:1 of Title 9 and § 9-6.14:4.1, in which any person contests any agency action, as defined in § 9-6.14:4, such person shall be entitled to recover from that

agency . . . reasonable costs and attorney fees if such person substantially prevails on the merits of the case and the agency is found to have acted unreasonably, unless special circumstances would make an award unjust.

Code § 9-6.14:21(A). The purpose of the VAPA is expressly set out in Code § 9-6.14:3.

The purpose of this chapter is to supplement present and future basic laws conferring authority on agencies either to make regulations or decide cases as well as to standardize court review thereof save as laws hereafter enacted may otherwise expressly provide. This chapter does not supersede or repeal additional procedural requirements in such basic laws.

We must decide whether the procedural requirements of the Virginia Employment Compensation Act preempt operation of the VAPA. We hold that they do.

As the VEC notes in its brief, Code § 60.2-625 sets out in elaborate detail the procedures intended to govern judicial review of compensation determinations. These provisions address venue, necessary parties, adequacy of the record, notice, the standard of review, and appeals to this Court. They do not provide for awards of attorney fees.

The purpose of the VAPA "is to supplement present and future basic laws . . . not supersede or repeal additional procedural requirements in such basic laws." Code § 9-6.14:3. "[T]he VAPA is intended to be a default or catch-all source of administrative due process, applicable whenever the basic law fails to provide process." *School Bd. v. Nicely,* 12 Va. App. 1051, 1058, 408 S.E.2d 545, 549 (1991). Here, the Unemployment Compensation Act plainly provides, in extensive detail, the process governing judicial review of compensation determinations. As a result, the VAPA does not govern such review.[1] *See also Virginia Bd. of*

---

[1] Confusion as to whether the standard of review set out in the VAPA should govern claims for unemployment compensation may have arisen as a result of nonbinding language in *Craft v. Virginia Employment Comm'n,* 8 Va. App. 607, 383 S.E.2d 271 (1989), and in *Robinson v. Hurst Harvey Oil Co.,* 12 Va. App. 521, 404 S.E.2d 733 (1991). However, no binding language in these opinions works to undermine the presumption that where the General Assembly has created a basic law to govern an agency, that basic law will preempt the operation of the VAPA.

*Medicine v. Virginia Physical Therapy Ass'n*, 13 Va. App. 458, 465, 413 S.E.2d 59, 63 (1991) (holding that, where an agency's basic law provides its own due process, VAPA will not govern judicial review of agency actions), *aff'd*, 427 S.E.2d 183 (Va. 1993). Therefore, Article 6 of the VAPA, providing for awards of attorney fees, does not apply to judicial review of determinations of claims for unemployment compensation.

In conclusion, because neither a contractual nor a statutory provision offers appellant the opportunity to seek attorney fees, and because nothing in this record supports the creation of an exception to the American Rule, the trial court did not err in holding that appellant was not entitled to recover attorney fees.

*Affirmed.*

Coleman, J., and Moon, J., concurred.