## CIRCUIT COURT OF SHENANDOAH COUNTY

Joyce C. Young

v.

M-C Co.

July 31, 1995

Case No. (Law) 95-L-26

BY JUDGE JOHN E. WETSEL, JR.

This case came before the Court on July 31, 1995, on the Defendant's Motion for Summary Judgment on the issue of what damages may be recovered as a result of a wrongful levy. Upon consideration of the argument of counsel and the authorities cited by them, the Court has made the following decision to grant the Motion for Summary Judgment in part and to deny it in part.

### I. *Statement of Material Facts*

The following material facts are not in dispute.

On December 22, 1994, M-C Company obtained judgment against Jeffrey L. Young in the Clarke County General District Court in the amount of $2000.

On January 24, 1995, the Clerk of the Clarke County General District Court issued a writ of execution at the request of M-C Company.

On January 25, 1995, the Sheriff of Shenandoah County or one of his deputies levied on certain items of personal property at the Strasburg Emporium in Strasburg, Virginia. The property was listed on the writ of

fieri facias, but it was not technically seized by the sheriff, because the judgment creditor had posted no bond.

At the time of the levy Joyce Young, the wife of the judgment debtor, was a merchant dealing in goods of the kind subject to the levy, and, although during the twenty days that the property was subject to the levy, it was not seized, contrary to the proper procedure, at the request of the deputy and the judgment creditor's attorney, the management of the Strasburg Emporium did set aside and hold Young's property. This was improper, because the judgment creditor had posted no bond.

The property which was listed on the Sheriff's return of the levy was either owned by Joyce Young or was in her possession on consignment from certain customers of hers unrelated to the Youngs. The judgment debtor, Jeffrey Young, had no interest in any of the items of personal property on which the levy was made in Shenandoah County.

On February 3, 1995, Joyce Young filed a claim pursuant to Virginia Code § 16.1-119 in the Shenandoah County General District Court claiming that the property levied on was either hers or property consigned to her, for which action she paid $18.00 in filing fees. Prior to the return in the General District Court, the attorney for M-C Company, after discovering that some of the items levied upon unquestionably belonged to third parties, requested the release of the levy as to those items.

On February 13, 1995, a hearing was held in the General District Court of Shenandoah County as a result of which the General District Court quashed the levy, denied the Motion for Sanctions, damages, and attorney's fees, and awarded costs of $18.00 to Ms. Young. Ms. Young has appealed this decision to the Circuit Court of Shenandoah County for determination of her claim for attorney's fees, costs, damages, and sanctions against the judgment creditor.

## II. *Conclusions of Law*

Summary Judgment is appropriate if there is no material fact genuinely in dispute. Supreme Court Rule 3:18; *Carson v. LeBlanc*, 245 Va. 135, 139, 427 S.E.2d 189 (1993). In *Metro Machine Corp. v. Mizenko*, 244 Va. 78, 83, 419 S.E.2d 632 (1992) citing *Gaudet v. Exxon Corp.*, 562 F.2d 351, 355 (5th Cir. 1977), *cert. denied*, 436 U.S. 913 (1978), the Supreme Court analyzed the character of the genuine issue of fact criterion governing the Court's disposition of a motion for summary judgment and stated:

> [T]he issue of fact must be "genuine." When the moving party
> has carried its burden under Rule 56(c), its opponent must do

> more than simply show that there is some metaphysical doubt as to the material facts . . . . In the language of the Rule, the nonmoving party must come forward with "specific facts showing that there is a genuine issue for trial." Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no "genuine issue for trial."

As the Supreme Court observed in *Virginia and Maryland R.R. Co. v. White*, 228 Va. 140, 145, 319 S.E.2d 755 (1984) (quoting *Bly v. Southern Ry. Co.*, 183 Va. 162, 175, 31 S.E.2d 564 (1944)):

> It is the jury, not the court, which is the fact-finding body. It weighs the contradictory evidence and inferences, judges the credibility of witnesses, receives expert instructions, and draws the ultimate conclusion as to the facts. *The very essence of its function is to select from among conflicting inferences* and conclusions that which it considers most reasonable . . . . That conclusion, whether it relates to negligence, causation or any other factual matter, cannot be ignored. Courts are not free to reweigh the evidence and set aside the jury verdict merely because the jury could have drawn different inferences or conclusions or because judges feel that other results are more reasonable. [Emphasis added.]

While the Supreme Court of Virginia frowns on the short-circuiting of litigation where there are genuine issues of fact in dispute or conflicting inferences which may be drawn from uncontested facts, *see Renner v. Stafford*, 245 Va. 351, 429 S.E.2d 351 (1993), and *CaterCorp, Inc. v. Catering Concepts, Inc.*, 246 Va. 22, 431 S.E.2d 277 (1993) (ruling on demurrer), there is no genuine issue of fact in dispute or conflicting inferences upon which reasonable men could differ in this case with respect to the damages recoverable for the wrongful levy.

In *Barbuto v. Southern Bank*, 231 Va. 63, 67-69, 340 S.E.2d 813 (1986), the Supreme Court discussed the statutory procedure for trying title to property improperly levied upon, and stated:

> Code § 8.01-365 mandates how third parties, strangers to the underlying judgment, shall proceed to litigate claims to property subjected to a levy. As pertinent here, the statute provides: "When a writ of fieri facias issued from a circuit court . . . is levied on property . . . and when some other person than the one

against whom the process issued claims the property ... or some part or the proceeds thereof, then either (i) the claimant, if such suspending bond as is hereinafter mentioned has been given, (ii) the officer having such process, if no indemnifying bond has been given, or (iii) the party who had the process issued, may apply to try the claim, by motion to the adverse party, to the circuit court of the county or city wherein the property, money, or other personal estate is located." Section 8.01-365, restricted to circuit courts, conforms closely to Code § 16.1-119, which governs proceedings in the general district courts by strangers to the underlying judgment who wish to try a claim to property levied on . . . .

The petitioners' remedy was under § 8.01-365, a statute specifically providing strangers to the underlying judgment a swift, direct, and summary method to determine conflicting ownership of property seized in a levy. Under such procedure, trial by jury is available.

Furthermore, a third party in the position of these petitioners who claims ownership of property that has been levied on, or is about to be levied on, has an orderly remedy under Code §§ 8.01-367 and 8.01-370 not only to stop the sale after levy but to prevent the levy from being made in the first place. This is accomplished by giving a suspending bond and by proceeding within 30 days to have title to the property settled. Alternatively, the petitioners had the option to file an action for common law trespass in a separate proceeding.

The case at bar is an appeal from the district court's decision under § 16.1-119 in failing to award damages including attorney's fees to Joyce Young.

"Actions which may be maintained for wrongful executions include actions to recover possession, as well as actions for conversion, for trespass, and, under appropriate circumstances, for abuse of process. The person injured by the wrongful execution is entitled to choose which of the different remedies afforded by law he desires to pursue." 30 Am. Jur. 2d, *Execution*, § 750. However, in this case the plaintiff has recovered the property which was improperly levied, and her action is the statutory right of action, which was under § 16.1-119 in the district court and which is under § 8.01-365 in the circuit court.

As noted this action is akin to a trespass to chattel action. "One who commits a trespass to a chattel is liable to its rightful possessor for actual damages suffered by reason of loss of its use." *Vines v. Vines*, 244 Va. 185, 190, 418 S.E.2d 890 (1992). Whether the action is under the statute or a trespass action, "the damages in an action for wrongful execution are assessed in accordance with the general rule of damages." 30 Am. Jur. 2d, *Executions*, § 763. In Virginia, compensatory damages are awarded to compensate a plaintiff for losses actually sustained. *Dillingham v. Hall*, 235 Va. 1, 365 S.E.2d 738 (1988). Speculative damages are not recoverable, and lost profits are frequently found to be speculative. *Barnes v. Graham Virginia Quarries, Inc.*, 204 Va. 414, 132 S.E.2d 395 (1963).

In this case, Joyce was a merchant, and, at the time of the levy, both she and the judgment creditor had a common interest in having the property sold. The real issue was who was to receive the sale proceeds. Had Joyce Young had a prospective purchaser who wished to purchase the property during the time that it was subject to the levy, she could have asked the court for permission to sell the property and pay the proceeds into court pending a determination of the ownership of the property. In this case, the property was only subject to the levy for twenty days, and then the levy was dismissed. While the plaintiff claims that potential for sales and attendant profits was lost during this period of time, it is purely speculative as to whether the property would have been sold during this period. When goods are wrongfully detained and returned undamaged, this either terminates or reduces the claim for damages. *See* Restatement (Second) of Torts § 922. Therefore, under the facts of this case where stock in trade is detained on the merchant's premises under a levy and are wrongfully set aside and there is no proof of any actual sale lost and the property is not damaged, the only damages for which the plaintiff may recover for loss of use of the property is the interest on the value of property, which was agreed to be approximately $2,000.00, at the legal rate of 8% *per annum* as specified in Virginia Code § 6.1-330.53 for the period of time that the property was wrongfully detained, which was twenty days in this case. *See generally* 22 Am. Jur. 2d, *Damages*, § 443; and Restatement (Second) of Torts § 931. Capitalization analysis is frequently used to determine the value of property. *See Tyson International v. Board of Supervisors*, 241 Va. 5, 400 S.E.2d 151 (1991); and *Apco v. Anderson*, 212 Va. 705, 187 S.E.2d 148 (1972). There is no reason why such an analysis cannot be used to assess damages for loss of use of personal property during a stated period of time. Applying this capitalization calculation, the Court determined that

the Plaintiff was entitled to judgment for $8.77 for the damages arising from the wrongful detention of the Plaintiff's property.

Virginia law clearly prohibits the award of attorney's fees in an action, unless they are expressly provided for in a contract, or by statute. *Ryder v. Petrea*, 243 Va. 421, 424, 416 S.E.2d 683 (1992); *East Texas Salvage v. Duncan*, 226 Va. 160 (1983); *Kemp v. Miller*, 166 Va. 661 (1936). The only exception to this rule is " 'where a breach of contract has forced the plaintiff to maintain or defend a suit with a third person, he may recover the counsel fees incurred by him in the former suit provided they are reasonable in amount and reasonably incurred.' *Hiss v. Friedberg*, 201 Va. 572, 577, 112 S.E.2d 871, 876 (1960). *See also Cemetery Consultants, Inc. v. Ware*, 211 Va. 784, 180 S.E.2d 528 (1971)." *Owen v. Shelton*, 221 Va. 1051, 1055-1056, 277 S.E.2d 189 (1981).

Virginia has a very long and strong policy against awarding attorney's fees, unless expressly authorized, and, in denying requests to award attorney's fees, both the Supreme Court and the Court of Appeals have noted the risk that the "grafted litigation [over the attorney's fees] might possibly be more animated and protracted than in the original cause." *Wisecarver v. Wisecarver*, 97 Va. 452, 454-55, 34 S.E. 56 (1899); and *Schuler v. Virginia Employment Comm.*, 14 Va. App. 1013, 420 S.E.2d 257 (1992). This is such an "animated and protracted" case. The original judgment was for $2,000.00, and Plaintiff's counsel has now filed a request for an award of attorney's fees of $2,141.00.

Determining the ownership to property levied upon in the General District Court is governed by Virginia Code §§ 16.1-119 *et seq.* and by § 8.01-365 *et seq.* in the Circuit Court. Section 16.1-122 provides that judgment may be given "respecting the property, the expense of keeping it, any injury done by it, and for the costs, as may be just and equitable among the parties." Section 8.01-365 *et seq.* speak in general terms about damages and make no provision for the recovery of attorney's fees. The statutes are clear and unambiguous. If a statute is clear and unambiguous, a court will give the statute its plain meaning. *Brown v. Lukhard*, 229 Va. 316, 321, 330 S.E.2d 84, 87 (1985). "For this Court to . . . create an exception [to the general rule of not awarding attorney's fees as costs] where none exists under the guise of statutory construction, would be to defeat the purpose of the enactment and to engage in judicial legislation." *Town of Crewe v. Marler*, 228 Va. 109, 114, 319 S.E.2d 748 (1984). Virginia Code § 14.1-196 provides for the recovery as costs of a modest amount of attorney's fees in some cases, none of which are applicable to this case, and the mere

fact that such a statute exists supports the conclusion that in the absence of a statute, an express *stare decisis* rule, or contract provision, attorney's fees are not recoverable as costs in Virginia. Therefore, the damage right of action for attorney's fees must be stricken.

The Plaintiff has filed a motion for sanctions against the Defendant's attorney on the ground that the levy against the property of Joyce Young was frivolous under § 8.01-271.1, and the Court will consider that motion in a later proceeding. Whether the conduct of M-C's attorney is subject to sanctions is determined by an objective standard. *Nedrich v. Jones*, 245 Va. 465, 471, 429 S.E.2d 201 (1993). The issue in this case is whether there was probable cause to believe that the property levied upon belonged to Jeffrey Young, which will depend upon the nature of the facts upon which M-C's attorney relied. As the editors of the Restatement (Second) Torts § 675, comment d, note:

> [T]he initiator of private civil proceedings need not have the same degree of certainty as to the relevant facts that is required of a private prosecutor of criminal proceedings. In many cases civil proceedings, to be effective, must be begun before all of the relevant facts can be ascertained to a reasonable degree of certainty.

Court costs are governed generally by Virginia Code § 14.1-177, *et seq.* The costs of process issuing including the cost of orders of publication, the costs of subpoenaing witnesses, and all other fees charged by officers of the court are the court costs which are usually taxed. Virginia Code § 14.1-198. The only attorney's fees recoverable as costs are those set forth in Virginia Code § 14.1-196, which does not apply in this case. The assessment of costs is to be determined by the Clerk and where there is a disagreement by the Court and not by the jury. *See* Virginia Code § 14.1-77 *et seq.*; *Firebaugh v. Hanback*, 247 Va. 519, 527, 443 S.E.2d 134 (1994) (equity case); and *Ryan v. Davis*, 201 Va. 79, 85, 109 S.E.2d 409 (1959) (highway condemnation action).

### III. *Decision*

For the foregoing reasons, the Motion for Summary Judgment is granted in part and denied in part, and it is adjudged and ordered that:

1. Plaintiff's right of action for attorney's fees as an element of damages is stricken, and the Court will consider the attorney's fees request in the hearing on the motion for sanctions.

2. Plaintiff shall recover her costs, and she is directed to submit a bill of costs for approval by the court by the time of the hearing on the motion for sanctions.

3. Judgment will enter for the Plaintiff in the amount of $8.77 against the Defendant with interest thereon until paid from the date of the levy.