## CIRCUIT COURT OF ROCKINGHAM COUNTY

Tony Lee Cave et al.

v.

Garland L. Mitchell et al.

October 25, 1996

BY JUDGE JOHN J. MCGRATH, JR.

I have considered the Exhibits and testimony given at the hearing on the Motion for Preliminary Injunction and various pleadings and legal memoranda that have been filed by both sides concerning the alleged thirty-foot right-of-way which leads to the Cave property (Parcel 1) and the Mitchell property (Parcel 2). Based on a review of this evidence and the applicable principles of law, the Court believes that no further evidence is required and that summary judgment lies in favor of the Complainants.

The undisputed evidence is that in or about October of 1992, Mr. and Mrs. Brambling had a tract of their property surveyed and subdivided into three separate parcels (Parcels 1, 2, and 3). It is also undisputed that the Plat which was prepared by Robert L. Shifflett, a licensed Land Surveyor, and which is dated October 8, 1992, shows a 30-foot right-of-way running from State Route 257 and abutting both Parcel 1 and Parcel 2. It is further undisputed that the deeds to both the Caves and the Mitchells incorporate by reference this Plat.

I find the case of *Ryder v. Petrea*, 243 Va. 421 (1992), to be instructive on the issue. Although the easement in *Ryder* which was contained on a plat referred to in the deed was expressly reserved in the deed, that case nevertheless stands for the proposition that a plat indicating a right-of-way that abuts and appears on its face to serve two parcels of land is, unless in some way clearly negated, intended to serve both parcels and is a deeded right-of-way easement for the benefit of both parcels.

In the instant case, the deeds clearly refer to the plat which contains the right-of-way and incorporate this plat (including the explicitly stated right-of-way) into the deeds in the description of the property being conveyed. Moreover, an examination of the evidence relating to the creation of these

three parcels of land indicates that it would have made little, if any, sense for the three parcels to have been created by the Bramblings with Parcel 1 being land locked and without access to any public highway or right-of-way.

The Court therefore holds that the right-of-way set forth in Plaintiffs' Exhibit A and marked with red hatch marks thereon is a right-of-way over the property of the Mitchells which is an express right-of-way for the benefit of the Mitchells (Parcel 2) and the Caves (Parcel 1).