COURT OF APPEALS OF VIRGINIA


Present: Judges Elder, Bumgardner and Humphreys


GEORGE O. GARLAND

                                          MEMORANDUM OPINION*
v.   Record No. 0433-00-3                  PER CURIAM
                                          AUGUST 8, 2000
VIRGINIA EMPLOYMENT COMMISSION
AND
MRS. GILES COUNTRY KITCHEN, INC.


              FROM THE CIRCUIT COURT OF THE CITY OF LYNCHBURG
                       Mosby G. Perrow, III, Judge

          (Renae Reed Patrick; Virginia Legal Aid
          Society, Inc., on briefs), for appellant.

          (Mark L. Earley, Attorney General; Robert L.
          Walker, Assistant Attorney General; Lisa J.
          Rowley, Assistant Attorney General, on
          brief), for appellee Virginia Employment
          Commission.

          (Frank K. Friedman; John Cotton Richmond;
          Woods, Rogers & Hazlegrove, PLC, on brief),
          for appellee Mrs. Giles Country Kitchen,
          Inc.


     George O. Garland contends the trial court erred in

affirming a decision of the Virginia Employment Commission

(Commission) that disqualified him from receiving unemployment

benefits on the ground that he was discharged from his

employment for misconduct connected with work under Code

§ 60.2-618(2).  Garland asserts that the trial court 1) abused

─────────────────

        * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

its discretion by not allowing him to amend his petition for judicial review; 2) erred by failing to consider alleged fraud; 3) erred in refusing to remand the case to the Commission for further proceedings; 4) erred by upholding the Commission's decision; and 5) erred in not finding a prima facie case of fraud. Pursuant to Rule 5A:21(b), the Commission raises the additional question of whether the trial court erred by concluding that the court had the discretionary authority to grant Garland's request to amend the petition for judicial review. Upon reviewing the record and briefs of the parties, we conclude this appeal is without merit. Accordingly, we summarily affirm the circuit court's decision. See Rule 5A:27.

## Background

Garland worked for Mrs. Giles Country Kitchen (employer) from March 25, 1991 through July 13, 1995. The employer had a progressive discipline system of which Garland was aware. Under this system, an employee would receive written warnings in the event of attendance problems, followed by a three-day suspension and, in the event of further problems, termination of his employment.

In the several months preceding Garland's discharge, the employer had issued him a number of written warnings concerning attendance problems, primarily tardiness. After Garland was tardy on July 6, 1995, the employer suspended him for three days beginning on July 10.

Garland normally worked making ham and cheese spread for the employer, but when Garland returned from his suspension on Thursday July 13, supervisor Dale Braxton assigned him to a different job. Although Garland's normal assignment was not listed on the Friday production schedule, Braxton told Garland on Thursday that Garland would continue working on the new job on Friday. Braxton also testified that it was not customary for employees to check the production schedule to see if they would be working. Garland did not show up for work on July 14, nor did he call the employer to report his absence.

Plant Supervisor Barry Hunt testified that Charles Davis and Donny Ray Anderson reported overhearing Braxton tell Garland that he would be working on Friday. In a letter to the employer's human resources manager, Hunt indicated that Davis also reported hearing Garland complain about working Thursday and Friday on the new assignment.

The employer discharged Garland on July 17 as a result of his July 14 absence.

Garland denied being told by Braxton that he had to work Friday and claimed that he thought he was off that day. Garland admitted that he had been working on Fridays that summer, including the previous Friday. In his August 1, 1995 statement to the Commission claims deputy, Garland reported that "[n]ormally we don't work on Fridays."

Garland denied complaining to any co-workers about having to perform the new job and testified that Davis was intoxicated on July 13. In his August 1 statement to the claims deputy, Garland stated: "They claim they had a witness that heard the supr. tell me to work. This so-called witness was drunk."

Following a September 20, 1995 hearing, the appeals examiner qualified Garland to receive unemployment benefits. The employer appealed and Garland appeared before the Commission special examiner on January 23, 1996. At that hearing, Garland referred to "newly discovered evidence," which Garland represented tended to prove fraud on the part of the employer.

At the request of the special examiner, on January 25, Garland submitted to the Commission an affidavit from Davis. In the affidavit, Davis stated that he worked with Garland on July 13, 1995, that he did not overhear Braxton tell Garland that Garland was to work on Friday, and that he never told any Mrs. Giles employee that he had overheard such a conversation.

The special examiner issued his decision on February 29, 1996. The decision made no reference to the Davis affidavit, but the special examiner did find that two of Garland's co-workers "reported that the claimant complained to them about having to work on Friday July 14, 1995.[1] There was no specific

_____

[1] There is no evidence in the record supporting the finding that two co-workers heard this statement. The employer's evidence was that one employee, Davis, reported this particular remark.

- 4 -

finding in the Commission decision that any employees overheard Braxton tell Garland to report to work on Friday, or that any employees reported overhearing this to the employer.

In reversing the appeals examiner and disqualifying Garland from receiving unemployment benefits, the special examiner held:

> [T]he claimant's supervisor told him to come to work specifically because he was in training for a new duty. . . . [T]he claimant knew that he had been assigned a new duty.  Further, the human resource officer's investigation, although based on the unsworn testimony of two of the claimant's co-workers that the claimant complained about having to work on Friday, leaves little doubt that the claimant knew he had to work that day.

The special examiner specifically rejected Garland's argument that he did not know he had to work because he was not on the production schedule, noting that Garland had been working Fridays recently and "there was no evidence in the record to show that he was not expected to work."

Garland filed a timely petition for judicial review on March 20, 1996.  In that petition, Garland contended the Commission's decision was not supported by the evidence, that the Commission had ignored the appeals examiner's credibility findings, and that the Commission had improperly placed the burden of proof on Garland.  He did not allege that any fraud had occurred and he did not request that the matter be remanded back to the Commission.

On April 11, 2000, Garland filed an amended petition for review wherein he alleged that 1) he was denied a fair hearing before the special examiner because the special examiner had made no mention of Davis' affidavit; 2) the special examiner had improperly relied on the employer's hearsay evidence; and 3) the employer had committed fraud upon the Commission by submitting the employer's "incorrect" evidence regarding Davis' statements, which was refuted by Davis' affidavit.

At a January 11, 2000 hearing, the trial court rejected the Commission's argument that the court could not permit Garland to amend the petition. But the court nevertheless denied Garland's motion to amend the petition. The court also found sufficient "facts in the record to support the final decision of the [Commission]."

## Motion to File an Amended Petition

"Code § 60.2-625 sets out in elaborate detail the procedures intended to govern judicial review of compensation determinations." Shuler v. Virginia Employment Comm'n, 14 Va. App. 1013, 1016, 420 S.E.2d 257, 259 (1992) (holding that, because the Virginia Employment Compensation Act provided, in great detail, the procedures governing appeals of Commission decisions, such appeals were not governed by the Virginia Administrative Process Act). And generally, rules of civil procedure do not apply to administrative proceedings unless the administrative rules so provide. See Broomfield v. Jackson, 18

- 6 -

Va. App. 854, 858, 447 S.E.2d 880, 882 (1994); cf. Hoyle v. Virginia Employment Comm'n, 24 Va. App. 533, 537-38, 484 S.E.2d 132, 134 (1997) (holding that statutorily granted appellate jurisdiction necessarily implies the authority to remand a case to a lower tribunal for further proceedings).

Code § 60.2-625 does not provide for amending a petition after the appeal period has expired and it does not expressly incorporate Rule 1:8, which is a rule of general civil procedure.[2]  Nor is granting permission to amend a pleading outside the statutory appeal period an implicit right of an appellate tribunal.  Accordingly, since the trial court did not have the authority to grant Garland permission to amend his petition for judicial review outside the thirty-day appeal period granted by Code § 60.2-625, Garland's assertion that the trial court abused its discretion is moot.  And given that the trial court denied Garland's motion to amend, the trial court's error in concluding that it had the authority to permit the amendment was harmless.

### After-Discovered Evidence

Garland contends the special examiner erred by not considering the Davis affidavit, which Garland asserts was after-discovered evidence.

---

[2] Rule 1:8 permits amendments to pleadings by leave of court.

- 7 -

"No _ruling_ of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice."  Rule 5A:18 (emphasis added).

At the January 23 hearing, the special examiner did not rule on whether he would accept the Davis affidavit, and the special examiner's decision makes no reference to that evidence. When a party seeks to introduce evidence, it is his responsibility to obtain a ruling from the tribunal on its admissibility.  If the party fails to do this, then "there is no ruling for us to review on appeal."  _Ohree v. Commonwealth_, 26 Va. App. 299, 308, 494 S.E.2d 484, 489 (1998); see _Taylor v. Commonwealth_, 208 Va. 316, 324, 157 S.E.2d 185, 191 (1967) (finding that a defendant's objection was not preserved for appeal where he did not obtain a ruling from the court). Accordingly, this issue has not been preserved for appeal.

Even if we assume that the special examiner rejected the Davis affidavit, Garland still cannot prevail.  A party's request to present additional evidence will be granted only if the new evidence "could not have been presented at the prior hearing through the exercise of due diligence, and is likely to produce a different result at a new hearing."  16 VAC 5-80-30(B)(1).  The Commission may also take additional evidence if "[t]he record of the proceedings before the appeals examiner

is insufficient to enable the commission to make proper, accurate, or complete findings of fact and conclusions of law." 16 VAC 5-80-30(B)(2).

It is apparent from the record that the person to whom Garland was referring in his August 1 statement to the claims deputy was Davis. Garland cannot claim, therefore, to have exercised due diligence in obtaining the statement from Davis. Although he did not have the benefit of the Davis affidavit at the appeals examiner's hearing, Garland was able to cross-examine the employer's witnesses. See Peet v. Peet, 16 Va. App. 323, 327, 429 S.E.2d 487, 490 (1993) (distinguishing intrinsic from extrinsic fraud because a party can "ferret out and expose false information presented to the trier of fact" through cross-examination). And the special examiner did not make any findings of fact that specifically contradicted Davis' affidavit. Finally, the record was sufficient for the Commission to decide this case. Accordingly, Garland failed to satisfy the requirements for submitting additional evidence.

### Request to Remand

Garland contends the circuit court erred by not remanding the case to the Commission in light of the evidence he proffered of fraud. Garland concedes that he has alleged intrinsic, not extrinsic, fraud.

If an aggrieved party "alleges in his petition for review that the [Commission] decision was procured by extrinsic fraud

committed by a successful party" and presents <u>prima</u> <u>facie</u> evidence of such fraud, then "the circuit court shall remand the case to the Commission for a hearing on the issue."  <u>Jones v. Willard</u>, 224 Va. 602, 608, 299 S.E.2d 504, 508 (1983).[3]

In his initial petition for judicial review, Garland did not allege that the decision against him had been procured by fraud and he did not request that the trial court remand the case to the Commission for further proceedings.  He did not exercise due diligence in obtaining the Davis affidavit, and the record was otherwise sufficient for the circuit court to adjudicate this matter.  In addition to the fact that the court denied the motion to amend the petition, we have ruled that the court did not have the authority to consider the amended petition.  Thus, the court had no basis for remanding the case to the Commission.[4]

---

[3] In <u>Jones</u>, the petitioner alleged fraud and specifically sought reversal of the Commission decision or a remand for further proceedings.  <u>See</u> <u>Jones</u>, 224 Va. at 604, 299 S.E.2d at 506.  Our decision in <u>Hoyle</u> does not reflect whether the petitioner had sought to have the matter remanded to the Commission.  <u>See</u> <u>Hoyle</u>, 24 Va. App. at 537, 484 S.E.2d at 533 (noting that the trial court remanded the case based on the pleadings, argument of counsel, and the Commission record).

[4] Garland contends in his brief that the trial court erred in not finding that he had proved a <u>prima</u> <u>facie</u> case of intrinsic fraud.  The court did not reach that issue, however, because it denied Garland's motion to amend the petition for judicial review.  And in light of our holding that the circuit court was without authority to permit the amended petition, we do not reach the issue either.

<u>Sufficiency of the Evidence</u>

"Initially, we note that in any judicial proceedings 'the findings of the commission as to the facts, if supported by evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the court shall be confined to questions of law.'" <u>Israel v. Virginia Employment Comm'n</u>, 7 Va. App. 169, 172, 372 S.E.2d 207, 209 (1988) (citation omitted). "In accord with our usual standard of review, we 'consider the evidence in the light most favorable to the finding by the Commission.'" <u>Wells Fargo Alarm Servs., Inc. v. Virginia Employment Comm'n</u>, 24 Va. App. 377, 383, 482 S.E.2d 841, 844 (1997) (citation omitted). "The commission, not this Court, is charged with resolving questions of witness credibility." <u>Britt v. Virginia Employment Comm'n</u>, 14 Va. App. 982, 986, 420 S.E.2d 522, 525 (1992).

Code § 60.2-618(2) provides that a claimant will be disqualified from receiving unemployment benefits if he is discharged from employment for misconduct connected with work.

> [A]n employee is guilty of "misconduct connected with his work" when he <u>deliberately</u> violates a company rule reasonably designed to protect the legitimate business interests of his employer, or when his acts or omissions are of such a nature or so recurrent as to manifest a <u>willful</u> disregard of those interests and the duties and obligations he owes his employer.

- 11 -

*Branch v. Virginia Employment Comm'n*, 219 Va. 609, 611, 249 S.E.2d 180, 182 (1978). "Whether an employee's behavior constitutes misconduct, however, is a mixed question of law and fact reviewable by this court on appeal." *Israel*, 7 Va. App. at 172, 372 S.E.2d at 209.

Garland had been warned about being late to work and leaving work without permission. Two days before his July 14 absence, Garland completed a three-day suspension for tardiness. The employer's evidence, when viewed in a light most favorable to the Commission, established that Garland intentionally missed work on July 14 because he did not want to work with a certain co-worker. Garland's recurrent attendance problems, coupled with his intentional absence following so closely after a suspension, constituted misconduct connected with work.

Garland contends the employer failed to prove misconduct because, while the incident leading to his termination was an unexcused absence, his prior warnings were for tardiness and leaving work early. We disagree. Tardiness, leaving work early, and absenteeism are all attendance-related issues. Moreover, the evidence sufficiently proved that Garland's last absence was volitional. Cf. *Borbas v. Virginia Employment Comm'n*, 17 Va. App. 720, 723-24, 440 S.E.2d 630, 632 (1994) (finding no misconduct where the claimant was discharged for three unrelated instances of simple negligence).

Finally, Garland asserts that the Commission improperly rejected the appeals examiner's credibility determinations. But the appeals examiner's credibility determinations were limited to a finding that Braxton and Garland were equally believable, and she made no reference to the witnesses' demeanor. The special examiner did not specifically reject the appeals examiner's credibility determination, but rather, he rejected the conclusion that the parties' evidence was in equipoise. We cannot conclude, therefore, that, as a matter of law, the evidence was insufficient to support the special examiner's findings of fact. See Virginia Employment Comm'n v. Peninsula Emergency Physicians, Inc., 4 Va. App. 621, 626, 359 S.E.2d 552, 554 (1987).

"Once the employer has borne the burden of showing misconduct connected with the work, . . . the burden shifts to the employee to prove circumstances in mitigation of his or her conduct." Virginia Employment Comm'n v. Gantt, 7 Va. App. 631, 635, 376 S.E.2d 808, 811, aff'd on reh'g en banc, 9 Va. App. 225, 385 S.E.2d 247 (1989).

The record supports the Commission's finding that Garland presented insufficient evidence of mitigating circumstances. Accordingly, the Commission did not err in disqualifying him from receiving unemployment benefits.

For the reasons stated above, the judgment of the circuit court is affirmed.

<u>Affirmed</u>.