# CIRCUIT COURT OF THE CITY OF ROANOKE

Geeta Viswa Nathan
and Satnam Singh

v.

Long & Foster
Real Estate, Inc.,
and Barbara Michelsen

November 20, 2009

Case No. CL09000493-00

By Judge Charles N. Dorsey

Plaintiffs have filed suit on two counts: breach of contract and fraudulent inducement. Defendants have demurred to the fraudulent inducement count as well as Plaintiffs' claims for attorney's fees and punitive damages. For the reasons that follow, the Court, after having considered the pleadings, the relevant case law, and the arguments of counsel, overrules Defendants' demurrer to the fraudulent inducement count. The Court sustains Defendants' demurrer to the claim of attorney's fees. The Court overrules Defendants' demurrer to the recovery of punitive damages.

*Facts*

"A demurrer admits the truth of all material facts that are properly pleaded, facts which are impliedly alleged, and facts which may be fairly and justly inferred from alleged facts." *Didato v. Strehler*, 262 Va. 617, 620, 554 S.E.2d 42, 43 (2001) (internal quotation marks and citation omitted). Accordingly, the Court states the facts as set forth in Plaintiffs' Complaint.

Geeta Viswa Nathan and Satnam Singh ("Plaintiffs") met with Barbara Michelsen, a real estate agent with Long & Foster Real Estate, Inc. (collectively, "Defendants") to purchase a residence in the Roanoke area. Michelsen signed an agency disclosure on behalf of Plaintiffs. In this agreement, Michelsen is listed as buyer's agent. Shortly afterwards, Plaintiffs signed a Purchase Agreement, agreeing to buy a home in the City of Roanoke for $260,000. Michelsen is listed as the selling agent in the Purchase Agreement. Michelsen also executed a dual agency consent and confirmation agreement signed by Plaintiffs and the seller.

Pursuant to the Purchase Agreement, Defendants hired J. Donald Field to conduct radon testing in the home. Michelsen instructed Field to only test for radon on the first floor of the home and told him to ignore testing the basement. The testing showed excessive levels of radon according to standards set by the Environmental Protection Agency (EPA) for the basement of the home. The results were mailed and faxed to Defendants, but the results regarding the basement were not revealed to the Plaintiffs.

Prior to closing on the home, Meera V. Nathan, along with Singh asked Michelsen about the results of the radon test. At all relevant times, Meera V. Nathan held a Durable Power of Attorney to act on behalf of Geeta Viswa Nathan. Nathan informed Michelsen that she was a medical physician, that a child would also be living in the home, that radon gas levels at high levels would be detrimental to the child, that she has personal experience with radon gas, and that an unacceptable level of radon gas would be a material issue to be resolved before closing on the home. Michelsen assured them that the radon tests were fine and provided a copy of the test for the first floor living area only. Based on Michelsen's assurances and warranties, the Plaintiffs closed on the home that same day.

Subsequently, Plaintiffs contacted Field as they repaired the basement of their new home. Field inquired about whether the radon gas problem had been resolved. This was the first time Plaintiffs learned of the complete radon test results. Plaintiffs conducted additional radon testing of their home that revealed elevated levels of radon.

Plaintiffs are now required to disclose the prior radon levels in their home, as well as remedial actions to date. Due to the required disclosures, the home has diminished in value.

Plaintiffs' complaint contains the following claims:

Count I (Breach of Contract) alleges that Defendants breached their duty as an agent for the buyer in the purchasing of the home;

Count II (Fraudulent Inducement) alleges that Defendants' failure to disclose radon information was willful, with malice aforethought, wanton, intentional, fraudulent in nature, and amounted to an independent tort.

Defendants demur to Count II as well as Plaintiffs' claims for punitive damages and attorney's fees. Plaintiffs agree that no factual bases

exist to state claims for fraudulent inducement, attorney's fees, nor punitive damages against the corporate defendant. Therefore, the issues left pertain to Defendant Michelsen, personally.

## Issues

1. Have Plaintiffs stated a legal basis for fraudulent inducement against Michelsen?

    a. Is Michelsen's duty contractually based, consequently barring a fraud claim?

    b. If Michelsen's duty is not contractually based, does Virginia Code § 55-523 bar Plaintiffs' claim?

2. Have Plaintiffs alleged necessary facts to support a claim for attorney's fees?

3. Have Plaintiffs stated a claim for punitive damages?

## Analysis

The function of a demurrer is to test the legal sufficiency of the claims stated in the challenged complaint. *Thompson v. Skate Am., Inc.*, 261 Va. 121, 126, 540 S.E.2d 123, 127 (2001). Although a demurrer does not admit the correctness of the complaint's conclusions of law, it does, as noted above, "admit[] the truth of all material facts that are properly pleaded, facts which are impliedly alleged, and facts which may be fairly and justly inferred." *Id.* "To survive a challenge by demurrer, a pleading must be made with `sufficient definiteness to enable the court to find the existence of a legal basis for its judgment. In other words, despite the liberality of presentation which the court will indulge, the motion must state a cause of action'." *Hubbard v. Dresser, Inc.*, 271 Va. 117, 123, 624 S.E.2d 1, 4 (2006) (quoting *Moore v. Jefferson Hosp., Inc.*, 208 Va. 438, 440, 158 S.E.2d 124 (1967)). With these principles in mind, the Court considers Defendants' demurrers.

## I. *Fraudulent Inducement*

### A. *Duty*

Defendants argue that Michelsen's duty of disclosure is contractually based, not tortious, and therefore does not give rise to a viable fraud claim.

Fraudulent inducement is defined as "false representation of a material fact, constituting an inducement to the contract, on which [a party] had a right to rely." *George Robberecht Seafood, Inc. v. Maitland Bros. Co.*, 220 Va. 109, 111-12, 255 S.E.2d 682, 683 (1979). If the allegations assert only violations of duties which are contractually based, then there is no actionable claim for fraud in the inducement. *See Augusta Mut. Ins. Co. v.*

*Mason*, 274 Va. 199, 204, 645 S.E.2d 290, 293 (2007) (holding that a claim for fraud in the inducement was not actionable because the alleged duties that were violated arose out of a contractual agreement). Alternatively, if the duties breached developed outside the contract, then the cause of action is tort based. *Richmond Metro. Auth. v. McDevitt, Street, Bovis, Inc.*, 256 Va. 553, 558, 507 S.E.2d 344, 347 (1998). Occasionally, a plaintiff may prove both a contract breach and a tortious breach. To do so, the tort action must involve a common law duty that does not exist but for the contract. *Id.*

An agent who acts for both the seller and the buyer has a fiduciary obligation to provide loyal service to both parties. *Price v. Martin*, 207 Va. 86, 90, 147 S.E.2d 716, 719 (1966). Generally, a real estate agent is primarily the agent of the party who first employs the agent. *Allen v. Lindstrom*, 237 Va. 489, 496, 379 S.E.2d 450, 454 (1989). Furthermore, "a broker owes his principal the duty to use utmost fidelity to him and must disclose to him all facts within the broker's knowledge which may be material to the transaction or which might influence the principal in deciding upon a course of action." *Van Deusen v. Snead*, 247 Va. 324, 331, 441 S.E.2d 207, 211 (1994) (citations omitted).

Here, Michelsen was first employed by Plaintiffs as their agent. She then took on the dual representative role on behalf of Plaintiffs and the seller. Michelsen had a duty as a fiduciary to disclose the complete results of the radon test to Plaintiffs. As alleged, Michelsen only provided partial results. At this time, the Court finds that the fraudulent inducement claim asserted by Plaintiffs does not exist solely by contract, and thus, it may be pleaded in conjunction with Plaintiffs' breach of contract claim.

### B. *Virginia Code § 55-523*

Additionally, Defendants assert that Michelsen's compliance with Virginia Code § 55-523 bars Plaintiffs from asserting a viable fraud claim. The statute defines duties of real estate licensees under the Virginia Residential Property Disclosure Act ("the Act").

Va. Code § 55-523 states:

> A real estate licensee representing an owner of residential real property as the listing broker has a duty to inform each such owner represented by that licensee of the owner's rights and obligations under this chapter. A real estate licensee representing a purchaser of residential real property or, if the purchaser is not represented by a licensee, the real estate licensee representing an owner of residential real estate and dealing with the purchaser has a duty to inform each such purchaser of the purchaser's rights and obligation under [the Act]. Provided a real estate licensee performs those duties,

the licensee shall have no further duties to the parties to a residential real estate transaction under [the Act] and shall not be liable to any party to a residential real estate transaction for a violation of [the Act] or for any failure to disclose any information regarding any real property subject to [the Act].

The Act requires that sellers either (a) disclose all material information about the property sold or (b) file a disclaimer, selling the property "as is." Va. Code Ann. § 55-519 (2009). In this case, the seller signed a disclosure statement on March 25, 2006. Michelsen signed on April 4, 2006. The seller signed the purchase agreement on April 5, 2006. The seller checked the box "yes" when asked, "Has the property been tested for radon gas?" However, the property was not tested for radon gas until April 6, 2006. Plaintiffs were not properly advised of the home's radon problems because there had been no testing.

Furthermore, the seller and Michelsen signed a radon acknowledgment form stating that they had "no knowledge concerning the testing of this property for radon or the presence or absence of radon in this property." No date of signature is listed for the seller. Michelsen signed on April 4, 2006. However, this is inconsistent with the disclosure statement in which the seller and Michelsen state that the property had been tested for radon gas. This failure to accurately inform Plaintiffs prevents Michelsen from obtaining the protection of the statute.

## II. *Attorney's Fees*

Defendants argue that the complaint has failed to allege the necessary facts to support a claim for attorney's fees. Virginia adheres to the "American Rule." Absent a contractual provision or applicable statute, prevailing parties cannot recoup attorney's fees from losing parties. *Ryder v. Petrea*, 243 Va. 421, 424, 416 S.E.2d 686, 688 (1992). Plaintiffs rely on Paragraph 23 of the Purchase Agreement, which states:

In any action or proceeding involving a dispute between the Purchaser, the Seller, the Listing and/or Selling Firm *arising out of this Contract*, or to collect the Brokerage Fee, the prevailing party shall be entitled to receive from the other party reasonable attorney's fees to be determined by the court or arbitrator(s).

Compl., Ex. A (Purchase Agreement) (emphasis added).

Plaintiffs' reliance on this provision is misguided because this is a contract between Plaintiffs and the owner. Defendants are identified in the Agency Disclosure and Confirmation but are not parties to the Purchase

618

Agreement. Michelsen had no duty pursuant to the Purchase Agreement. Thus, Plaintiffs' claims do not "arise out of" the Purchase Agreement, and they are not entitled to attorney's fees.

### III. *Punitive Damages*

Finally, Defendants demur to Plaintiffs' claim for punitive damages, arguing that Plaintiffs have failed to allege the necessary facts to support such a claim. In response, Plaintiffs contend that their allegations are supported by Michelsen's "independent, willful tort beyond a mere breach of duty imposed by contract." *Kamlar Corp. v. Haley*, 224 Va. 699, 707, 299 S.E.2d 514, 518 (1983).

Generally, "exemplary or punitive damages are not allowed for breach of contract, even if the action is *ex delicto*." *Id.* (citing *Goodstein v. Weinberg*, 219 Va. 105, 245 S.E.2d 140 (1978)). When pleading punitive damages, a plaintiff must allege "proof of an independent, willful tort, beyond the mere breach of a duty imposed by contract . . . regardless of the motives underlying the breach." *Id.* at 707, 299 S.E.2d at 518. In this case, as noted, Plaintiffs have alleged an independent tort that is separate from a contractual duty. Thus, as a result of the Court's allowing the fraudulent inducement count to continue, the Court permits the punitive damages claim to proceed.

### *Conclusion*

For the reasons stated, the Court overrules Defendants' demurrer to the fraudulent inducement count as to Michelsen, personally. The Court sustains Defendants' demurrer to the claim of attorney's fees with leave granted to Plaintiffs to replead if sufficient facts exist. The Court overrules Defendant's demurrer to the recovery of punitive damages.