# CIRCUIT COURT OF THE CITY OF NORFOLK

Joseph Matulenas
and Elizabeth Matulenas

v.

Venture Supply et al.


Case No. CL09-6328


Craig Bollenburg
and Angela Bollenburg

v.

Venture Supply et al.


Case No. CL10-8202

March 4, 2013

BY JUDGE MARY JANE HALL

The matter comes before the Court on Defendant's Motion in Limine to exclude evidence of mortgage payments on homes that were unlivable as a result of the presence of Chinese drywall. Defendant claims that this element of damage was not disclosed in discovery responses provided in September 2012 and was only revealed in a supplemental response provided on January 23, 2013. Defendant moves to exclude the evidence both because the claims were not timely disclosed and because mortgage payments are not compensable as an element of property damage.

The original discovery response listed only categories of damages without specific amounts or descriptions and included a category for damages relating to the loss of use of the plaintiffs' homes. The supplement, attached hereto as Exhibit A, states, "[O]ur evidence on damages will consist of the actual cost to the families of paying for the home they cannot

live in. For each, we have recapped the mortgage charges that have been incurred since move out." The answer then provides totals on mortgage payments made as well as the amounts of ongoing liability for the monthly payment.

The Court does not conclude that the supplemental response provided on January 23, three months prior to trial and five weeks before the depositions of the plaintiffs, was provided too late to be permitted into evidence. The Court agrees, however, that mortgage payments are not a proper measure of loss of use damages; and on that basis, the Court sustains the motion.

Plaintiffs contend that the mortgage payments for the affected properties represent the best measure of the value of the plaintiffs' loss of use claim. Counsel argues that one plaintiff who moves out and lives with family at no expense should not be compensated differently from another plaintiff who may rent alternative housing at a significantly higher expense. Virginia case authority, however, does not support this argument.

In *MCI WorldCom Network Services v. ASP Consultants*, 266 Va. 389, 396 (2003), the Virginia Supreme Court held that a plaintiff was not entitled to recover loss of use damages where it had not actually incurred any costs associated with the lost use. *See also Dillingham v. Hall*, 235 Va. 1, 3 (1988); *Shearer v. Taylor*, 106 Va. 26, 31 (1906); *Young v. M-C Co.*, 37 Va. Cir. 204, 208 (1995). Expenses saved by a plaintiff are, therefore, not to be charged to a defendant as if they had not been saved at all. *MCI WorldCom*, 266 Va. at 396.

In the instant case, the plaintiffs' obligations to make mortgage payments are unrelated to the damage to the residences. Those obligations arise out of the terms of the deed of trust notes against the properties. Payments on the notes, therefore, may not properly be submitted to the jury as part of a loss of use claim. Plaintiffs are permitted to claim only those costs or expenses that they actually incurred by reason of their inability to occupy the affected properties.

The Court permits Plaintiffs two weeks within which to supplement discovery in order to identify and provide documentation of any such costs or expenses. Should Defendant require an additional opportunity to conduct discovery relating only to any new information provided by Plaintiff, Defendant will be permitted that opportunity.